# CHARLESTON.

HOUSEMAN *v.* TOWN OF ANAWALT.

Submitted October 21, 1919.    Decided October 28, 1919.

1.    MUNICIPAL CORPORATIONS—*Writ of Error Lies to Review Dissolution of Corporation*:

     This court has jurisdiction by writ of error to review the judgment of a circuit court, proceeding according to section 2 of chapter 47 of the Code, annulling its charter and dissolving a municipal corporation. (p. 61).

2.    EXCEPTIONS, BILL OF—*Signed and Certified, Part of the Record*:

     A bill of exceptions regularly signed by the judge, and certified to the clerk by an order made within thirty days after the adjournment of the term at which the trial was had, becomes a part of the record notwithstanding such order may not have been actually spread upon the order book until after that time. (p. 62).

3.    MUNICIPAL CORPORATIONS—*Review of Findings of Circuit Court Annulling Charter.*

     This court will not in such a case set side findings of the circuit court made in lieu of a jury, or reverse the judgment thereon annulling the charter and dissolving a municipal corporation, unless such findings are plainly not supported by the evidence or the judgment is not warranted by law. (p. 63).

Error to Circuit Court, McDowell County.

Proceedings by W. H. Houseman and others against the Town of Anawalt and S. T. Spencer and others to forfeit its charter and to dissolve the corporation. Judgment for petitioners, and defendants bring error.

*Affirmed.* ·

*Froe & Capehart* and *Litz & Harman,* for plaintiffs in error. *Sale & Tucker,* for defendants in error.

MILLER, PRESIDENT:

This is a proceeding begun by petitioners, citizens of this State and inhabitants of the town of Anawalt, against said town and S. T. Spencer and others acting or pretending to act as councilmen during the preceding two years, to forfeit its

charter and to dissolve the corporation, pursuant to section 2, chapter 47 of the Code 1918.

The answer of respondent puts in issue the material facts. Among the grounds alleged for the relief sought, and those which the circuit court found established by the evidence, and upon which it predicated the judgment complained. of, were; that the municipality had no bonded indebtedness; had failed for one year to exercise its corporate powers and privileges; and for a like time had failed to keep its roads, streets and alleys in good order and repair.

The jurisdiction of this court to review the judgment of the circuit court annulling the charter and dissolving the corporation is challenged by the petitioners, upon the principles laid down in *In re Town of Union Mines,* 39 W. Va. 179; *Elder* v. *Incorporators of Central City,* 40 W. Va. 222; *Bloxton* v. *McWhorter, Judge,* 46 W. Va. 32; *Summers County Court* v. *Monroe County.* 43 W. Va. 207; *McWhorter* v. *Dorr,* 57 W. Va. 608; *Morris* v. *Taylor,* 70 W. Va. 618. These decisions support the general proposition first affirmed in *In re Town of Union Mines,* that the judgment of the circuit court in the exercise of the legislative and quasi-judicial authority, delegated by said chapter, to incorporate towns and villages was not subject to the appellate jurisdiction of this court.

But the jurisdiction here invoked is not to reverse the judgment of the circuit court granting the charter and incorporating the municipality, but one annulling the charter and dissolving the corporation, quite a different proposition from any affirmed in the decisions cited.

The jurisdiction of the circuit court to annul charters and dissolve municipal corporations was first conferred by chapter 54, Acts of 1907, amending and re-enacting section 2 of chapter 47 of the Code. By that amendment the circuit court was given jurisdiction to hear and determine all matters relating to forfeiture and dissolution of all such charters, upon the petition of one or more of the inhabitants of a municipality or of any ten freeholders of the county in which such municipality is located. But this calls for the exercise, not of legislative jurisdiction only, but of judical powers which theretofore could have been initiated only by the State through its attorney general or some

other deputed authority to take away vested rights in such charter. *Hornbrook* v. *Town of Elm Grove,* 40 W. Va. 543; *South Morgantown* v. *Morgantown,* 49 W. Va. 729. The jurisdiction to annul charters and to dissolve corporations conferred by the amended statute involves the ascertainment of the necessary facts and the exercise of judicial powers, not simply the granting of municipal authority, and partakes in every way of strictly judicial functions. As in the case of private corporations, the municipality continues to exist notwithstanding the causes of forfeiture, until the State intervenes and by proper judicial procedure has ascertained and adjudged the causes of forfeiture to exist. *Moore* v. *Schoppert,* 22 W. Va. 282; *Baltimore & Ohio R. R. Co.* v. *Supervisors,* 3 W. Va. 319, 324. Of such judgments this court has jurisdiction by writ of error to review them. This is so notwithstanding the legislature may have the right by amendment to take away the charter. Though the jurisdiction here conferred may be to some extent administrative, it involves the exercise of judicial power, reviewable here. *Morris* v. *Taylor, supra,* pp. 626, 627, and cases cited.

Another objection interposed to our consideration of the case on its merits, is that the bill of exceptions certifying the evidence and the rulings of the court thereon was not certified to the clerk within the time after the adjournment of the court to make it a proper bill of exceptions. This is without merit. The record with the stipulation of counsel shows that the certificate of evidence or bill of exceptions was signed by the trial judge in vacation on September 23, 1918, within thirty days from the adjournment of the court, which occurred on August 24, 1918. And notwithstanding the order certifying the bill of exceptions to the clerk was not actually spread on the order book until October 15, 1918, in term time, it appears on its face, and the endorsement by the judge on the back of the original order shows, that the bill of exceptions was actually signed and the order directed on September 23, 1918. A more formal certificate by the judge is not required. *Fink* v. *Thomas* 66 W. Va. 487. And we have decided that if the judge actually certifies the bill of exceptions within the limitation prescribed by the statute, it is not required that it be also entered on the record book within the thirty days prescribed for the certifica-

tion. *Ketterman* v. *Dry Fork R. R. Co.,* 48 W. Va. 606; *Wells* v. *Smith,* 49 W. Va. 78.

The only other point submitted for our consideration is that on the merits, the sufficiency of the evidence to support the finding of the court upon which the judgment of annullment and dissolution was predicated. Without going into the details of the evidence, which we have examined with care, it satisfies us that for the past two years no municipal elections were held, and this without justifiable excuse; that some of the members of the council were not eligible, some resigned or refused to serve; and that the mayor and recorder were removed, and others substituted in the most irregular way. If there were any regular meetings of the council, the minutes are incomplete, and kept, if at all, in the most haphazard way. The record shows that after this suit was begun one of the members of the council, not the recorder, secured an outsider to record in the minute book supposed minutes dictated by him. True, he says this was done from notes kept by some one in a tablet, but not identified otherwise, and admittedly not complete. From the minutes, no taxes appear to have been levied for municipal purposes, and none of any consequence collected. The so-called minutes are wanting in any showings of levies of taxes. No delinquent lists are produced, though there is some evidence that a delinquent list was made out by some one and returned to the auditor. No one was put in charge of streets and alleys, and during all the two years preceding the suit nothing worthy of mention was done toward keeping up or maintaining the streets and alleys in good repair. There is much evidence that the police force, consisting of one man, was a bootlegger and keeper of a house of ill fame, and was inefficient and unreliable, and that one or more members of the council violated the law in renting houses for unlawful purposes, and that there had been no attempt to enforce the law of decency, violated not only by others, but by those assuming official authority. The evidence satisfies us that this semblance of municipal organization and authority was employed simply as a cloak for violators of the law rather than to enforce it and maintain decent and proper municipal government.

In our opinion the findings and conclusions of the circuit court were fully justified and that the judgment below should be affirmed.

*Affirmed.*