**Louis JEWELL et al., Appellants,**

v.

**CITY OF LAKE LOUISVILLA et al.,
Appellees.**

Court of Appeals of Kentucky.

Oct. 7, 1960.

D. E. Wooldridge, LaGrange, for appellants.

James A. Hall, Bruce R. Hamilton, LaGrange, for appellees.

BIRD, Chief Justice.

The trial court dismissed a petition which sought to dissolve the corporate charter of the City of Lake Louisvilla. The petitioners appeal.

The action was commenced under KRS 88.020, the pertinent part of which reads as follows:

"A majority of the voters residing in a city of the sixth class may petition the circuit court of the county in which a greater part of the city is located asking that its charter be dissolved.

"The petition shall be signed by each petitioner, and filed in the office of the

circuit court clerk not less than twenty days before the commencement of the next regular term of court."

It will be noted that the petition in such actions must be filed in the office of the circuit court clerk "not less than twenty days before the commencement of the next regular term of court."

The petition in this case was filed about ten days before the next regular term of court. Consequently, the trial court dismissed the petition on the ground that it had no jurisdiction of the subject matter.

 The petitioners first complain of the manner in which the question of jurisdiction was raised. Under CR 12.08 the court is required to dismiss for want of jurisdiction of the subject matter. It may be dismissed upon the court's own motion, upon the suggestion of a party to the action or upon the suggestion of anyone though he be a stranger to the action.

Let us now determine whether a failure to file the petition as prescribed by the act leaves the court without jurisdiction of the subject matter. The courts of this state have no inherent authority to dissolve any municipal corporation and the only source from which the court could derive authority for the dissolution of a city of the sixth class is by KRS 88.020. The court is empowered to do nothing more than fill the legislative prescription. Boone County v. Town of Verona, 190 Ky. 430, 227 S.W. 804. It follows that the court has no authority to alter or modify the requirements prescribed by the legislature. The statutory requirement as to filing time is mandatory and jurisdictional. The courts have no discretion in the matter and the action must therefore be dismissed under CR 12.08.

Appellants contend however that a regular rule day as fixed by the court under statutory authority constitutes a regular term within the meaning of KRS 88.020. They insist that the filing of the petition not less than twenty days before the next rule day satisfies the time requirement. We do not adhere to this. It is our conclusion that a regular term as used in the act means the term fixed by the legislature to begin on a day certain and continue during a specific period of time as now provided by KRS 23.050.

The trial court being without jurisdiction of the subject matter the action was properly dismissed.

The judgment is affirmed.