24983. JAMISON et al. v. CITY OF ATLANTA et al.

FRANKUM, Justice. 1. The matter of fixing municipal corporate limits is strictly legislative, and it was in 1951 beyond the power of the General Assembly to delegate its exclusive power to alter the corporate limits of the City of Atlanta to the city or to the Superior Court of Fulton County. *DuPre v. City of Marietta*, 213 Ga. 403, 405 (99 SE2d 156). The Act approved February 21, 1951 (Ga. L. 1951, p. 3027 et seq.), insofar as it attempts such unconstitutional delegation of legislative powers to the City of Atlanta, or to a majority of the landowners of territory to be annexed or to the Superior Court of Fulton County was violative of Art. III, Sec. I, Par. I of the Georgia Constitution (*Code Ann.* § 2-1301), and void when passed, and being void at that time, no subsequent amendment of the Constitution granting authority to the General Assembly to delegate to a municipality such legislative powers could give it vitality. *Jones v. McCaskell*, 112 Ga. 453, 456 (37 SE 724). It follows that the order of the Superior Court of Fulton County entered on the petition of the City of Atlanta declaring that certain described land lots contiguous to the city limits of the City of Atlanta be annexed to the corporate limits of the city was void and entered without authority of law.

2. The Act cannot be sustained upon the theory contended for by the appellee that it merely sets standards by which territory contiguous to the city may become annexed thereto and that the court does not, in passing upon a petition filed pursuant to the Act do more than make a finding of compliance with the standards fixed by the Act. Under the Act no territory is ever annexed to the city unless and until a petition is filed with the court either by the city or by 51% of the property owners involved. Under the Act the decision to annex or not annex particular landlots lies exclusively with the city or the landowners involved and the exercise of such decision in each instance is a legislative function which could not be delegated under the principles first stated.

*Judgment reversed. All the Justices concur.*

ARGUED DECEMBER 10, 1968—DECIDED JANUARY 9, 1969—
REHEARING DENIED JANUARY 23, 1969.

*George G. Finch, Griffin Patrick, Jr.,* for appellant.

*Hayes & McEvoy, Henry L. Bowden, Robert S. Wiggins, Jr.,* for appellees.

DUCKWORTH, Chief Justice, concurring. It is not debatable that under the Constitution, the General Assembly can extend corporate limits of a municipality. Nor is it questionable that they cannot delegate this exclusive legislative power without first expressing a desire and authorize others to act within specified limits to implement or effectuate the expressed legislative intent. The Act here does not even hint a legislative desire that the corporate limits be extended. Therefore, when the property owners or the city extends it a court cannot honestly say the legislative will is effectuated.

Facing honestly the situation of Atlanta, Georgia's capital, it seems to me that all those including myself, who live beyond the city, but whose property and whose businesses are benefited by the city, should be incorporated into the city where they will support it with their taxes. Furthermore, all Georgians should want their capital strong. But unfortunately, the people of Fulton County have failed to elect as their representatives men who would and could constitutionally extend by a simple legislative Act the corporate limits. They should demand of them actions to extend corporate limits. The judiciary cannot uphold an invalid delegation of legislative power, but we will uphold a valid exercise of that power by the legislature. Atlanta's hope for such extension lies exclusively in the hands of her chosen members of the General Assembly. It lies within their power to have the corporate limits extended but not within ours.