### 29835. HARRELL et al. v. COURSON et al.

PER CURIAM.

This appeal is from an order of the Superior Court of Coffee County, entered on February 20, 1975, dissolving the municipal charter of West Green, Georgia, pursuant to the provisions of Ga. L. 1947, p. 1545 (Code Ann. § 69-105). Two questions are before us for decision: (1) Is the statute, under which this municipal charter was surrendered and dissolved, an unauthorized delegation of legislative power to the judiciary? and (2) Does the transcript and record of this proceeding in the trial court authorize the dissolution of the corporate charter? Our review of the case leads us to affirm the judgment of the trial court.

This statute provides for the dissolution of a municipal charter where the municipality has not functioned under the charter for more than 10 years, upon a petition to the superior court by a majority of the registered voters of the municipality. This court has not previously passed upon this statute and the issues presented are of first impression here. A brief review of the events in the trial court is appropriate before considering the specific questions for decision.

The appellees filed their verified petition in the Superior Court of Coffee County on December 23, 1974, alleging they were a majority of the registered voters, as of that date, within the corporate limits of West Green, Georgia, seeking to have the charter dissolved because the municipal corporation had not functioned for more than 10 years. A copy of the corporate charter was

attached as an exhibit. The appellants, named as defendants, were the other registered voters in West Green as of that date. The court issued a rule nisi for a show cause hearing on January 16, 1975. The parties, through their respective counsel, entered into a written stipulation which was approved and made the order of the court on January 24, 1975.

The stipulation recites that, "[t]he Town of West Green was chartered by the State Legislature in 1914, and as of this date, it is a nonfunctioning incorporated town by and through its charter." It provides for a referendum to determine whether a majority of those voting desired to reactivate or to surrender the municipal charter. Under the terms of the stipulation, it was further provided, "that in the event the referendum is carried to reactivate the town government, then the petitioners . . . will dismiss their petition. In the event the voters in the referendum decide not to reactivate the charter, then the results of this referendum shall be submitted to the Judge of the Superior Court for his determination of the . . . pending matter [seeking dissolution of the charter]."

The referendum was held in accordance with the stipulation and one hundred qualified voters cast their votes in it. Fifty-four of those voting favored dissolution and the remaining forty-six voters favored retention of the charter. The trial judge ordered another hearing to pass upon the remaining issues. Counsel for appellants, who desired to retain the municipal charter, filed a motion to dismiss the verified petition of the appellees but filed no answer or other pleadings in the case. After a hearing, the trial court overruled the motion to dismiss, granted the prayers of the petition and entered an order dissolving the municipal charter of West Green, Georgia.

We first consider the constitutionality of the statute under which the charter was dissolved by the trial court. Counsel for appellants urges the trial court erred in overruling the motion to dismiss which raised the constitutional issues. The argument is made that the dissolution of municipal charters lies exclusively within the power of the legislature and this power cannot be delegated by it without offending Art. III, § I, Par. I, and § VII, Par. X of the Constitution (Code Ann. §§ 2-1301 and

2-1920). It is further argued that the statute also offends the Constitution because there is a delegation of legislative authority to the superior courts in the statute and this is violative of the separation of powers doctrine found in Art. I, § I, Par. 23 of the Constitution (Code Ann. § 2-123).

We recognize the basic principle embodied in the separation of powers doctrine that the legislature cannot delegate legislative power to the courts. This does not mean, however, that the legislature is forbidden from conferring power on the courts to ascertain whether the statutory requirements for dissolution of a municipal charter have been satisfied in particular cases. "[D]elegation to a court of power to ascertain a state of facts under which a statute is applicable" is not an unlawful delegation of legislative power to the judiciary. See McQuillin, Municipal Corporations, Vol. 2, § 4.12, p. 34. "[T]he legislature may provide for the dissolution of municipal corporations and provide that such dissolution shall take effect when a majority, or other proportion, of the inhabitants accept the application of the statute, and the duty of ascertaining the fact of acceptance of the statute by the required proportion of the inhabitants may be given to the courts." 56 AmJur2d, 144, Municipal Corporations, § 90.

In Kentucky, it has been held that the courts have no inherent authority to dissolve a municipal charter but can be empowered by statute to dissolve a municipal charter upon the terms prescribed by the legislature. See Jewell v. City of Louisville, 339 SW2d 169 (1960), and particularly Boone County v. Town of Verona, 227 SW 804. For a similar view taken in West Virginia, see Houseman v. Town of Anawalt, 100 SE 848 (1919).

Apparently, the only inquiry upon the hearing of a petition to dissolve a municipal charter in Alabama is whether the requisite number of qualified voters residing within the corporate limits are in favor of dissolution. When this finding is made by the court, the legislative Act by which the charter becomes dissolved is placed into operation. See Carter v. Town of Muscle Shoals, 7 S2d 74 (1942).

In our judgment, the Georgia municipal charter

dissolution statute is not subject to the constitutional attacks made on it. The legislature has exercised its power to dissolve municipal charters by the terms of the statute. It has delegated to the superior courts only the judicial function of determining from the facts of each case when the statute applies. It is a traditional judicial function to determine the existence of facts upon which legislative action may take effect. The legislature provided for the dissolution of municipal charters upon the occurrence of several conditions and the trial court merely applied the statute. We hold the court was not exercising legislative power in rendering its judgment but was acting judicially as it is empowered to do. The superior courts "shall have such other powers as are, or may be conferred on them by law." Art. VI, § III, Par. V, Constitution (Code Ann. § 2-3905). Similarly, we hold that, under the terms of this statute, there is no delegation of legislative authority to a majority of the voters of municipalities.

The filing of a petition for dissolution of the charter by a majority of the registered voters is merely one of the conditions provided in the statute for the application of the statute to a particular municipality. Neither the court nor the voters exercise the power of dissolution. It is exercised by the legislature through the statute upon the occurrence of the conditions stated therein.

*Jamison v. City of Atlanta,* 225 Ga. 51 (165 SE2d 647), does not require a different result. It dealt with a local statute which expressly delegated to the City of Atlanta the power to annex. As pointed out in Chief Justice Duckworth's concurring opinion that statute "does not even hint a legislative desire that the corporate limits [of Atlanta] be extended." In contrast, the present statute is a general statute in which the legislature clearly provided for the dissolution of the municipal charter of any municipality in Georgia upon the happening of the conditions stated in the statute.

A review of the transcript and record of proceedings in the trial court shows the conditions of the statute were met. No answer denying the facts alleged in the verified petition was filed in the case. The trial judge had before him not only the verified petition but also the written

stipulation of the parties and the results of the referendum. The sworn pleadings and stipulation show that West Green had been granted a municipal charter in 1914 by the legislature; that the municipality had not functioned for more than 10 years; that not only a majority of the registered voters in the municipality at the time the petition was filed desired to surrender the charter for dissolution but that a majority of the voters in a subsequent referendum, not required by the statute but held pursuant to the stipulation between the parties and approved by the court, favored dissolution of the charter. As the trial court correctly found the existence of the several conditions expressed in the statute which authorized the dissolution of this municipal charter, its judgment was not error.

*Judgment affirmed. All the Justices concur, except Ingram and Hill, JJ., who dissent.*

ARGUED APRIL 14, 1975 — DECIDED MAY 6, 1975.

*Boatright & Boatright, J. Laddie Boatright,* for appellants.
*Farrar & Farrar, Arthur C. Farrar,* for appellees.

INGRAM, Justice, dissenting.

I respectfully dissent to the majority opinion, as I believe the constitutionality of this statute is controlled by the principles enunciated in *Jamison v. City of Atlanta,* 225 Ga. 51 (165 SE2d 647). In my opinion, the majority decision cannot be reconciled with the reasoning used by this court in *Jamison.*

It is true that we are dealing here with the dissolution of municipal corporations rather than with annexation. Both, however, lie within the exclusive power of the legislature and cannot be delegated without constitutional authorization.

I know of no constitutional provision which authorized the Georgia General Assembly to delegate its power to dissolve municipal charters in 1947 when this statute was enacted.

Clearly the present statute delegates legislative power. Under the express terms of the statute, no charter is ever dissolved unless and until a petition is filed with the superior court by a majority of the voters involved. The decision to dissolve or not dissolve the municipality is made first by the voters and finally by the courts. The superior court is given discretion, without any standards which must be followed, to dissolve the municipality or not to dissolve the municipality. The statute provides the court "may [not shall] receive the surrendered corporate charter and by order . . . declare [the] incorporated city or town to be dissolved."

Therefore, under the statute, both the voters and the superior courts are given aspects of legislative power which the Constitution vested in the General Assembly. Despite my reluctance to overturn any Act of the General Assembly, it is our duty to do so if the Act is violative of the Constitution. I believe the present statute must fall under the law as previously interpreted by this court if stare decisis is still a valid doctrine.

I am authorized to state that Justice Hill concurs in this dissent.