35102. ROGERS v. MEDICAL ASSOCIATION OF GEORGIA et al.
35103. GEORGIA STATE MEDICAL ASSOCIATION v. MEDICAL ASSOCIATION OF GEORGIA et al.

UNDERCOFLER, Presiding Justice.

John Rogers, M. D., attacks the constitutionality of Ga. L. 1971, p. 689 (Code Ann. § 84-903) which provides the manner in which the Governor shall appoint qualified M. D.s to fill vacancies on the State Board of Medical Examiners.[1] Dr. Rogers brought suit for himself and all

---

[1] Code Ann. § 84-903 reads in pertinent part: " . . . All

others similarly situated who are licensed to practice medicine in Georgia and who are not members of the Medical Association of Georgia, contending these physicians, approximating one-third of all doctors licensed to practice in Georgia, have been systematically excluded from consideration for appointment to the State Board of Medical Examiners by M. A. G.'s practice of notifying only its associate county medical societies of impending vacancies in their congressional districts, screening and then recommending only members in good standing in M. A. G. to the Governor.[2]

Appellants claim a denial of due process and equal protection of the laws. They assert also that Code Ann. § 84-903 is unconstitutional because it delegates the power of appointment to a private interest group. Among other prayers, appellants seek a declaration that the members of the State Board of Medical Examiners are holding office illegally. The trial court granted summary judgment to appellees.

1. We hold appellants have standing to bring this suit. In our opinion, it is a quo warranto proceeding. Essentially, the appellants claim the members of the State Board of Medical Examiners were appointed illegally and they have no rights to the offices. Appellants as residents, citizens, taxpayers, and licensed physicians are entitled to make such challenge. *McCullers v. Williamson,* 221 Ga. 358 (1) (144 SE2d 911) (1965); *Smith*

---

appointments to the board shall be made by the Governor and confirmed by the Senate. Appointments to the board of members who must hold an M. D. degree shall be made by the Governor from a list of not less than three nor more than five qualified candidates submitted to the Governor by the Medical Association of Georgia . . ."

[2]The Medical Association of Georgia stipulated: (1) All vacancies filled since January 1, 1975, have been filled by physicians listed by M. A. G. to the Governor; and (2) each physician was, at the time, a member of M. A. G. Since the institution of this suit, M. A. G. solicits candidates for nomination to the board from a wide range of persons in the field of medicine.

*v. Mueller,* 222 Ga. 186 (1) (149 SE2d 319) (1966); *Boatright v. Brown,* 222 Ga. 497 (150 SE2d 680) (1966).

2. Appellants contend that the delegation of the power of appointment to public office to a private organization is unconstitutional. See 97 ALR 2d 363. We agree. Fundamental principles embodied in our constitution dictate that the people control their government. "All government, of right, originates with the people, is founded upon their will only, and is instituted solely for the good of the whole. Public officers are the trustees and servants of the people, and at all times, amenable to them." Code Ann. § 2-201. "The people of this State have the inherent, sole and exclusive right of regulating their internal government and the police thereof. . ." Code Ann. § 2-202. This is accomplished through elected representatives to whom is delegated, subject to constitutional limitations, the power to regulate and administer public affairs, including the power to provide for the selection of public officers.

"The General Assembly shall have the power to make all laws consistent with this Constitution, and not repugnant to the Constitution of the United States, which they shall deem necessary and proper for the welfare of the State." Code Ann. § 2-1401. These constitutional provisions mandate that public affairs shall be managed by public officials who are accountable to the people. As important as any other governmental power is the power to appoint public officials. They are the persons who control so much of our lives. The importance of this power is emphasized by the constitutional provision by which the people initially granted to their Chief Executive, the Governor, the power to fill vacancies in public offices "unless otherwise provided by law; and persons so appointed shall continue in office until a successor is commissioned, agreeably to the mode pointed out by this Constitution or by law in pursuance thereof." Code Ann. § 2-2804. In our opinion, it is clear that the constitutional provisions cited above demand that the power to appoint public officers remain in the public domain. The General Assembly may, within constitutional limitations, establish qualifications for public office and designate a governmental appointing authority. But it cannot

delegate the appointive power to a private organization. Such an organization, no matter how responsible, is not in the public domain and is not accountable to the people as our constitution requires. It represents and is accountable to its membership. Here the Medical Association of Georgia, a private organization, controls the appointment of the members of the State Board of Medical Examiners under the 1971 Act which provides that the Governor must appoint from its nominees. This is violative of our Constitution.

3. The conclusion reached in Division 2 does not oust from office the present members of the State Board of Medical Examiners. They are properly qualified, duly appointed, and not charged with any misconduct. The Governor may well have appointed them to office in the absence of the statutory provision declared unconstitutional herein. Accordingly, there is no basis for their removal from office. We hold only that future appointments need not be limited to those persons recommended by M. A. G.

4. Case No. 35103 appealing the denial of Georgia State Medical Association's motion to intervene is moot.

*Judgment affirmed in part and reversed in part in Case No. 35102. Appeal dismissed in Case No. 35103. All the Justices concur.*

ARGUED JULY 10, 1979 — DECIDED SEPTEMBER 6, 1979.

*Nicholson, Meals & McLaughlin, Robert N. Meals, A. Lee Parks, Jr.,* for appellants.

*Arthur K. Bolton, Attorney General, John C. Jones, Assistant Attorney General, Powell, Goldstein, Frazer & Murphy, Robert W. Patrick, Frank Mays Hull, Robert L. Connelly, Jr.,* for appellees.