44857. THE ATLANTA JOURNAL et al. v. HILL et al.
(359 SE2d 913)

HUNT, Justice.

The Atlanta Journal and The Atlanta Constitution and their managing editor, Glenn McCutchen (collectively referred to as the "Newspaper") appeal from the denial of their complaint for injunctive relief seeking access to meetings of the Administrative Review Panel, appointed by Atlanta Mayor Young (the "Mayor").

Appellees (collectively referred to as the "Panel"), are nine private citizens, sued in their capacity as members of the Administrative Review Panel, a group established by the Mayor by Executive Order on April 20, 1987 to "conduct a confidential review and evaluation of actions by City officials and employees following allegations concerning several prominent Atlantans which were filed with the Atlanta

---

Bureau of Police Services on March 19, 1987." The Executive Order provides the Panel with the "right to request the authority to subpoena witnesses and documents," and to take sworn testimony before an official court reporter. On completion of its review and evaluation, the Panel is to prepare a written report setting forth its findings and recommendations. Although this final report is to be made public, the Executive Order provides that all meetings, conversations, interviews, and information concerning the Panel's investigations are to be held in strict confidence except to the extent that disclosure is legally required. The Executive Order specifically provides that Panel meetings are limited to Panel members and others authorized by the Panel or invited or required to appear before the Panel. On May 18, 1987, the Atlanta City Council amended the charter of the City of Atlanta to provide the Panel with power by subpoena to compel the attendance of witnesses and the production of documents and other evidence. The amendment, approved by the Mayor, provides that failure to obey a subpoena issued by the Panel is punishable by fine or by imprisonment or forced labor, or both. The Newspaper filed this complaint following the Panel's refusal to allow the Newspaper access to its meetings. The trial court denied its application for injunctive relief and the Newspaper appeals, contending that public and media access to Panel meetings is required under Georgia's "Sunshine Law" or Open Meetings Act ("Act"), OCGA § 50-14-1 et seq. We affirm.

Two provisions of the Act are pertinent here. OCGA § 50-14-1 (c) states "All meetings of any agency at which proposed official action is to be discussed or at which official action is to be taken shall be open to the public at all times." OCGA § 50-14-1 (a) (1) (C) defines "agency" under the Act to include "[e]very department, agency, board, bureau, commission, authority, or similar body of each such county, municipal corporation, or other political subdivision of the state." We note that the Act was enacted in the public interest to protect the public — both individuals and the public generally — from "closed door" politics and the potential abuse of individuals and the misuse of power such policies entail. Therefore, the Act must be broadly construed to effect its remedial and protective purposes.

However, it was not intended that the Act cover groups which, although they function on behalf of government, have no official authority. In *McLarty v. Bd. of Regents of University System of Ga.*, 231 Ga. 22 (200 SE2d 117) (1973), cited as controlling by both sides to this appeal, we stated that the Act "applies to the meetings of the variously described bodies which are empowered to act officially for the State and at which such official action is taken. Official action is action which is taken by virtue of power granted by law, or by virtue of the office held, to act for and in behalf of the State. The 'Sunshine Law' does not encompass the innumerable groups which are organized

and meet for the purpose of collecting information, making recommendations and rendering advice but which have no authority to make governmental decisions and act for the State. What the law seeks to eliminate are closed meetings which engender in the people a distrust of its officials who are clothed with the power to act in their name. It declares that the people, who possess ultimate sovereignty under our form of government, are entitled to observe the actions of those described bodies when exercising the power delegated to them to act on behalf of the people in the name of the State. There is no such compelling reason to require public meetings of advisory groups. They can take no official action. Generally, their reports are submitted in writing and are available to the public well in advance of any official action and are considered by the official body in public meeting[s]." In *McLarty*, we held that the Student Activity Fund Committee of the University of Georgia, organized by the University's Dean of Student Affairs to review the Student Senate's recommended allocation of Student Activity Funds, was not subject to the Act because the committee had no authority to take official action.

The Newspaper argues that the Panel is not merely an advisory group, such as those described in *McLarty*, because in addition to its charge to meet, inquire, discuss and recommend, it also has powers which are distinctly official, to-wit: the authority to require sworn testimony before a court reporter, to compel by subpoena the attendance of witnesses and the production of documents, and to punish by criminal contempt for failure to comply with any subpoena. We agree with the Newspaper that these powers can only be described as official. However, the determinative issue in this case is whether the Panel has authority to take *lawful* official action, that is, action "taken by virtue of power granted by law, or by virtue of the office held, to act for and in behalf of the State." Id. Although none of the parties to this appeal attacks the validity of the powers granted the Panel, we view this question as determinative of the issue in this case — whether the Panel is subject to the Act. In our opinion, the Panel has no authority to take *lawful* official action because the official powers purportedly granted to the Panel were unconstitutionally delegated. *Rogers v. Medical Assn. of Ga.*, 244 Ga. 151, 153 (2) (259 SE2d 85) (1979). Here, the official powers in question were purportedly delegated to the Panel — a group of private citizens, not under any oath and not accountable to anyone — by the Atlanta City Council, by amendment to the City Charter. Our State Constitution provides that: "[t]he people of this state have the inherent right of regulating their internal government. Government is instituted for the protection, security, and benefit of the people, and at all times they have the right to alter or reform the same whenever the public good may require it." Art. I, Sec. II, Par. II. As we stated in *Rogers*, "[t]his is

accomplished through elected representatives to whom is delegated, subject to constitutional limitations, the power to regulate and administer public affairs. . . . 'The General Assembly shall have the power to make all laws consistent with this Constitution, and not repugnant to the Constitution of the United States, which they shall deem necessary and proper for the welfare of the State.' [Art. III, Sec. VI, Par. I]. These constitutional provisions mandate that public affairs shall be managed by public officials who are accountable to the people." Id. In *Rogers*, we held unconstitutional as an improper delegation of legislative power a statute which purported to give authority to a private group, The Medical Association of Georgia, the power to appoint doctors to the State Board of Medical Examiners. Therefore, we hold that in this case, the City Council could not constitutionally delegate subpoena power, power to punish by contempt, and the power to require sworn testimony before a court reporter, to a purely private, advisory group, and the attempt by the City Council to do so is void. See also *Jamison v. City of Atlanta*, 225 Ga. 51 (165 SE2d 647) (1969).

Accordingly, since the purported delegation of official power to the Panel is constitutionally infirm, the Panel has no *lawful* official power, and is a purely advisory group not subject to the Act.

*Judgment affirmed. All the Justices concur, except Marshall, C. J., who concurs specially and Gregory, J., who concurs in the judgment only.*

MARSHALL, Chief Justice, concurring specially.

I concur in the judgment of the court but for reasons not expressed in the opinion. This court determined in *McLarty v. Bd. of Regents of University System of Ga.*, 231 Ga. 22 (200 SE2d 117) (1973), that the Open Meetings Act applies to those bodies empowered to take official action. Advisory groups do not have the power to take official action and are not governed by the Act. In my view the Administrative Review Panel in this case is an advisory group. It was created to review and evaluate actions of city officials and to make a written report of its findings and recommendations. That is all. If action is to follow it must be done by the city in a meeting subject to the Open Meetings Act where the public may observe.

The majority views the subpoena power vested in the Panel as sufficient to bring the Panel under the purview of the Act. But the subpoena power is incidental to the real function of the Panel. If some issue should arise as to the use of the power to subpoena, perhaps a meeting of the Panel related to that matter would come within the Act. That is not the issue before us however.

Another issue not presented by the parties but relied on by the majority is the validity of the delegation of subpoena power to the

Panel. I would not reach that issue in this case.

DECIDED SEPTEMBER 10, 1987.

*Dow, Lohnes & Albertson, R. Keegan Federal, Jr., Jonathan D. Hart,* for appellants.

*Emmet J. Bondurant, Richard H. Sinkfield,* for appellees.

*Michael J. Bowers, Attorney General, George P. Shingler, Assistant Attorney General,* amicus curiae.