## S89A0504. CHAPMAN v. THE STATE.
### (385 SE2d 661)

Gregory, Justice.

This appeal arises from Terry Norman Chapman's conviction for murder.[1] Chapman is a fifteen-year-old minor whom the State prosecuted as an adult felon under the concurrent jurisdiction provisions of OCGA § 15-11-5 (b). His sole enumeration of error is that this statutory scheme is unconstitutional under the state and federal constitutions. We affirm.

1. We begin our analysis by noting that any right a defendant may have to be treated as a juvenile is not an inherent right specifically protected by the constitution, but one created by statute. *In the Interest of J. J. S.,* 246 Ga. 617, 618 (272 SE2d 294) (1980) (quoting *Woodard v. Wainwright,* 556 F2d 781, 785 (5th Cir. 1977)). Appellant argues that *J. J. S.* and *Woodard* are not controlling because those cases did not decide the issues of whether there is a deprivation of procedural due process, as opposed to substantive due process, and of whether, under Georgia law, this statutory scheme violates the separation of powers doctrine.

2. The Georgia constitution states that superior courts "shall have exclusive jurisdiction over trials in felony cases, except in the case of juvenile offenders as provided by law. . . ." Art. VI, Sec. IV, Par. I, Ga. Const. 1983. From this language, it is clear that unless the Code provides otherwise, the superior court has exclusive jurisdiction over a juvenile defendant in felony cases such as this one. Thus, a juvenile has no right to be tried in juvenile court unless state statutes provide otherwise. OCGA § 15-11-5 (b) does permit a juvenile court to try felony cases when the potential penalty is death or life imprisonment, but does not mandate that felony cases involving juveniles be tried there exclusively. The statutory and constitutional scheme, taken as a whole, contemplates trials of juveniles in felony cases that

---

[1] Chapman was indicted on January 17, 1988, for malice murder. The superior court denied his Plea in Bar and Motion to Dismiss on May 16, 1988. Also on May 16, 1988, the court, sitting without a jury, found Chapman guilty and sentenced him to life in confinement.

are punished by death or life imprisonment in either superior or juvenile court. Therefore, a juvenile does not acquire special rights until such time as the juvenile court exercises its concurrent jurisdiction. As a result, a superior court's original exercise of its jurisdiction does not operate to deprive a juvenile in these type cases of any substantive or procedural due process rights. *J. J. S.* and *Woodard* stand for the proposition that particular rights belonging to one because of his status as a juvenile do not derive from the state and federal constitutions. The constitutions do not afford special rights to juveniles. Their special rights are created by statute. *J. J. S.* and *Woodard* constitute authority for our holding here that there has been no procedural due process violation under the facts of this case.

3. Chapman also contends that a prosecutor's decision to bring an action in superior rather than juvenile court violates the Separation of Powers Doctrine of Art. I, Sec. II, Par. III, Ga. Const. 1983. He argues that the initial decision by a prosecutor to invoke the jurisdiction of a superior court rather than a juvenile court shifts the choice of forum from a judge to a prosecutor. He points out OCGA § 15-11-39 which vests in the juvenile court judge the decision whether to transfer a case like this one from juvenile court to superior court; however, this power to transfer is created by statute and only exists when the juvenile court has a case before it that got there because someone, not the judge, invoked its jurisdiction. On the other hand, the initial option to select a forum when concurrent jurisdiction exists belongs to the litigant. It is neither judicial, legislative, or executive power. Hence, its exercise by a prosecutor does not violate the Separation of Powers Doctrine. Cf. *Lewis v. State,* 246 Ga. 101, 103 (268 SE2d 915) (1980).

The power exercised in the circumstances leading to this case was first that of the people themselves who created two courts. They placed exclusive jurisdiction over felony cases in the superior court but then gave legislative power to the General Assembly to alter that jurisdiction in felony cases involving juvenile offenders. The General Assembly exercised this power by enacting OCGA § 15-11-5 (b) which vests concurrent jurisdiction in both the superior court and the juvenile court over a juvenile who is alleged to have committed a delinquent act which would be considered a crime, if tried in a superior court, and for which the juvenile may be punished by loss of life or confinement for life in a penal institution. The remaining jurisdiction over felonies involving juvenile offenders is exclusively vested in juvenile court.

The choice of forum afforded the prosecutor is, like a similar choice given other litigants in other type cases, a mere consequence of the exercise of the foregoing powers.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 22, 1989.

*Howe, Sutton, McCreary & Dettmering, Donald B. Howe, Jr.,* for appellant.

*Frank C. Winn,* District Attorney, *David McDade,* Assistant District Attorney, *Michael J. Bowers,* Attorney General, *Richard C. Litwin,* for appellee.