S95A1359. BISHOP v. THE STATE.
(462 SE2d 716)

CARLEY, Justice.

Walter Wayne Bishop is a 14-year-old who allegedly committed multiple offenses which are within the "exclusive jurisdiction" of the superior court. OCGA § 15-11-5 (b) (2) (A). Acting pursuant to OCGA § 15-11-5 (b) (2) (C), the district attorney did not decline to prosecute in the superior court and Bishop was indicted for the offenses. After his indictment, Bishop filed a motion to dismiss and a motion to transfer to the juvenile court. These motions were predicated upon Bishop's challenge to the constitutionality of OCGA § 15-11-5 (b) (2). The trial court denied Bishop's motions, but certified its order for immediate review. Bishop's application for an interlocutory appeal from the trial court's order was granted. We hold that OCGA § 15-11-5 (b) (2) is constitutional and that the trial court therefore correctly denied Bishop's motions.

1. Bishop contends that OCGA § 15-11-5 (b) (2) is unconstitutional because it violates the doctrine of separation of powers. Ga. Const. of 1983, Art. I, Sec. II, Par. III.

Subsection (C) of OCGA § 15-11-5 (b) (2) does clothe the district attorney with pre-indictment discretionary authority to decline to prosecute in the superior court and to transfer the case to the appropriate juvenile court for adjudication. However, "[f]rom the beginning of our criminal justice system prosecutors have exercised the power of prosecutorial discretion in deciding which defendants to prosecute." *State v. Hanson*, 249 Ga. 739, 742-743 (1) (295 SE2d 297) (1982). Furthermore, the General Assembly's grant to litigants of the option to select the forum for prosecution of their cases is the grant of "neither judicial, legislative, or executive power. Hence, its exercise by a prosecutor does not violate the Separation of Powers Doctrine. [Cit.]" *Chapman v. State*, 259 Ga. 592, 593 (3) (385 SE2d 661) (1989).

The Georgia Constitution establishes exclusive jurisdiction over felony cases in the superior court, but gives the General Assembly the power to alter that jurisdiction in felony cases involving juvenile offenders. Ga. Const. of 1983, Art. VI, Sec. IV, Par. I. The General Assembly has exercised this constitutional power by enacting OCGA § 15-11-5 (b) (2), which retains exclusive jurisdiction in the superior court over a juvenile 13 to 17 years of age who is alleged to have committed certain serious crimes, but which also provides in subsection (C) that the district attorney is clothed with pre-indictment discretion, "after investigation and for extraordinary cause," to decline to prosecute in the superior court and to lodge the case in the appropriate juvenile court. This discretionary choice of forums afforded the district attorney is simply a consequence of the exercise by the General Assembly of the power delegated to it by the Constitution. *Chapman v. State*, supra at 593 (3).

Subsection (B) of OCGA § 15-11-5 (b) (2) also clothes the superior court with post-indictment discretion, "after investigation and for extraordinary cause," to transfer certain cases to the juvenile court. However, " '[d]elegation to a court of power to ascertain a state of facts under which a statute is applicable' is not an unlawful delegation of legislative power to the judiciary. [Cit.]" *Harrell v. Courson*, 234 Ga. 350, 352 (216 SE2d 105) (1975). Thus, after the district attorney invokes the superior court's jurisdiction, the superior court does not violate the separation of powers doctrine by exercising its discretionary statutory authority to retain or to transfer a case to juvenile court. See *Chapman v. State*, supra at 593 (3).

In *Chapman*, we held that OCGA § 15-11-5 (b) (1) does not violate the doctrine of separation of powers. Likewise, we now hold that OCGA § 15-11-5 (b) (2) does not violate that doctrine.

2. Bishop also contends that OCGA § 15-11-5 (b) (2) is violative of the due process provisions of the federal and state constitutions.

Unless the General Assembly provides otherwise, the superior court has exclusive jurisdiction over juveniles in all felony cases. Ga.

Const. of 1983, Art. VI, Sec. IV, Par. I; *Chapman v. State*, supra at 592 (2). Thus, a juvenile's right to be tried in the juvenile court derives from statutory, rather than constitutional, law. "[A] juvenile has no right to be tried in juvenile court unless state statutes provide otherwise." *Chapman v. State*, supra at 592 (2).

Subsection (A) of OCGA § 15-11-5 (b) (2) provides that, as to the crimes enumerated therein, the superior court retains exclusive jurisdiction over juvenile defendants 13 to 17 years of age. Subsections (B) and (C) of OCGA § 15-11-5 (b) (2) merely grant the superior court and the district attorney the discretionary authority to transfer the case to juvenile court, "after investigation and for extraordinary cause." A juvenile does not acquire special rights until such time as his case is transferred and, as a result, a superior court's exercise of its exclusive jurisdiction does not operate to deprive a juvenile of any substantive or procedural due process rights. *Chapman v. State*, supra at 593 (2). Specifically, a juvenile has no right to a hearing as to whether his case should be transferred to the juvenile court. See *Lane v. Jones*, 244 Ga. 17, 18 (3) (257 SE2d 525) (1979); *Woodard v. Wainwright*, 556 F2d 781, 785-786 (5th Cir. 1977); *State v. Cain*, 381 S2d 1361, 1365-1366 (Fla. 1980); *Vega v. Bell*, 419 NYS2d 454, 459 (1979).

In *Chapman*, we held that OCGA § 15-11-5 (b) (1) does not violate the due process rights of juveniles. Likewise, we now hold that OCGA § 15-11-5 (b) (2) does not violate the due process rights of juveniles.

3. Bishop further contends that OCGA § 15-11-5 (b) (2) is violative of the equal protection provisions of the federal and state constitutions.

Because treatment as a juvenile is not an inherent right, the General Assembly " 'may restrict or qualify that right as it sees fit, as long as no arbitrary or discriminatory classification is involved.' [Cit.]" *In the Interest of J. J. S.*, 246 Ga. 617, 618 (1) (272 SE2d 294) (1980). No showing has been made that the classification in OCGA § 15-11-5 (b) (2) (A) of offenses over which the superior court retains exclusive jurisdiction is arbitrary or discriminatory. See *Woodard v. Wainwright*, supra at 785. To the contrary, the General Assembly has indicated that the classification in OCGA § 15-11-5 (b) (2) (A) rests upon rational bases: (1) the need for secure placement of certain violent juvenile offenders; (2) the safety of students and citizens of Georgia; and, (3) the need for the Department of Children and Youth Services to apply its resources to less violent and nonviolent juvenile offenders. Ga. L. 1994, pp. 1012, 1016, § 2 (5), (6), (7). See *Woodard v. Wainwright*, supra at 785; *State v. Boardman*, 267 A2d 592, 595-596 (Del. Super. 1970).

A statute which authorizes the district attorney to determine the court in which a minor is to be prosecuted does not unconstitutionally

violate a defendant's right of equal protection. See *People v. Reese*, 294 NE2d 288, 291 (Ill. 1973). Criminal prosecution must be initiated by some official and that official is the district attorney. There is nothing whatsoever to indicate that the district attorney has used that power in this case in a discriminatory manner which would violate equal protection requirements. See *Sherfield v. State*, 511 P2d 598, 602 (Okla. Cr. App. 1973).

It follows that the trial court correctly denied Bishop's motion to dismiss and motion to transfer to juvenile court.

*Judgment affirmed. All the Justices concur.*

BENHAM, Chief Justice, concurring.

I concur fully in the majority opinion; however, the fact that OCGA § 15-11-5 (b) (2) has today withstood constitutional attack does not mean that the statute cannot be improved. I write separately to encourage the General Assembly to complement the work it has done in the area of juveniles charged with committing felonies by setting statutory guidelines for the district attorney's exercise of the discretionary decision of forum selection — whether a child should be tried in superior or juvenile court.[1]

In recent years, society has been horrified by the growing number of children committing heinous crimes, as well as the growing number of crimes in which children are the victims. Our children are the greatest resource that our society has. Every determination that is made by today's society impacts the society that has not yet come of age — our children. The decision to prosecute a minor in superior court, with the goal of inflicting severe punishment on the child for the act, rather than in juvenile court, where the goal is to restore the child as a secure, law-abiding member of society (OCGA § 15-11-1), has an everlasting impact on society and must be the product of rational, thoughtful consideration, and not a reaction to the emotion of the moment combined with the horror that a child allegedly carried out the crime. As we cope with the reality that society has begotten some children who boastfully, remorselessly stride across the line which separates right from wrong, we must not forget that there are young people who only stray onto the wrong side of the law. We, as a society, must remember that some children are only strayers and we must actively work to rescue, rehabilitate, and nurture them. Our laws must give direction to those responsible for the enforcement of the laws who determine which child shall be set on a course of rehabilitation in the juvenile court system, and which child shall be sent to superior court for punishment.

---

[1] Such legislative guidelines are not without precedent, as OCGA § 17-10-30 sets forth parameters for the imposition of the death penalty.

DECIDED OCTOBER 16, 1995 —
RECONSIDERATION DENIED NOVEMBER 3, 1995.

Whiteman & Whiteman, Mary W. Whiteman, for appellant.

J. Tom Morgan, District Attorney, Sheila A. Connors, Desiree S. Peagler, Assistant District Attorneys, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, for appellee.

Davis, Zipperman, Kirschenbaum & Lotito, Nicholas A. Lotito, Peters, Roberts, Borsuk & Taylor, Lynne Y. Borsuk, amici curiae.

