### S06A2040. THE STATE v. HENDERSON.
### S06A2041. THE STATE v. McLENDON.
#### (641 SE2d 515)

MELTON, Justice.

On February 12, 2006, minors Stevelle L. Henderson and Christian L. McLendon allegedly robbed a convenience store while brandishing a BB gun.[1] Henderson and McLendon were later arrested for the armed robbery, and the State elected to pursue the cases in superior court rather than juvenile court. At a pre-indictment bond hearing, however, the Floyd County Superior Court, acting sua sponte, ordered both cases transferred to juvenile court, reasoning that it did not have jurisdiction over the cases. The State moved to stay the transfer, arguing that, prior to indictment, the superior court, on its own accord, had no authority to transfer the cases to juvenile court once the State had elected to pursue them in superior court. The superior court denied the State's motion, finding that, although OCGA § 15-11-28 (b) (1) granted it concurrent jurisdiction over the cases before it, the statute is unconstitutional in that it violates separation of powers, equal protection, and due process. We granted the State's application for interlocutory appeal, and for the reasons that follow, we reverse.

1. Neither the superior court nor any of the parties dispute that the superior court had at least concurrent jurisdiction over the cases at hand, and the record supports this conclusion. A superior court has concurrent jurisdiction with a juvenile court "over a child who is alleged to have committed a delinquent act which would be considered a crime if tried in a superior court and for which the child may be punished by loss of life, imprisonment for life without possibility of parole, or confinement for life in a penal institution." OCGA § 15-11-28 (b) (1). Because armed robbery is such an act, even when done with an object that merely resembles a true firearm (see OCGA § 16-8-41 (a)),[2] the superior court, at the very least, had concurrent

---

[1] Because Henderson and McLendon make identical arguments in their respective appeals, both cases (S06A2040 and S06A2041) will be discussed together, as resolution of the specific arguments from either appeal will be dispositive of both.

[2] OCGA § 16-8-12 (a) (6) (A) (iii) defines a "firearm" for purposes of commission of a theft as a weapon that "propels a projectile or projectiles through the energy of an explosive." The

jurisdiction with the juvenile court over Henderson and McLendon.[3]

Once the State elected to invoke the superior court's jurisdiction by pursuing the cases against Henderson and McLendon in superior court, the court, acting on its own volition, did not have the authority to transfer the cases to juvenile court prior to indictment. The legislature has made clear that the district attorney, and not the court, makes the election regarding whether to pursue a case against a juvenile in superior court or juvenile court. See OCGA § 15-11-28 (b) (2) (C) ("Before indictment, the *district attorney* may, after investigation and for extraordinary cause, decline prosecution in the superior court of a child 13 to 17 years of age alleged to have committed [one of the seven serious offenses specified in OCGA § 15-11-28 (b) (2) (A)]") (emphasis supplied); OCGA § 15-18-6 (4) (It is the district attorney's duty "[t]o draw up all indictments or presentments . . . and to prosecute all indictable offenses."). Where courts "have concurrent jurisdiction, the first court taking jurisdiction will retain it" and a transfer may only be made as provided by law. *J. G. B. v. State*, 136 Ga. App. 75, 77 (2) (220 SE2d 79) (1975), citing *Hardeman & Sparks v. Battersby*, 53 Ga. 36, 38 (2) (1874). Thus, as here, where the district attorney properly invokes the superior court's jurisdiction by pursuing a case against a juvenile in superior court, the court is obligated to retain jurisdiction over the case and is not authorized, sua sponte, to transfer it prior to indictment.

Accordingly, the superior court exceeded its authority in transferring Henderson and McClendon's armed robbery cases to juvenile court after the State had elected to pursue the cases in superior court. OCGA § 15-11-28 (b) (2) (B), (C).

2. The superior court concluded that OCGA § 15-11-28 (b) (1) violates due process, equal protection, and separation of powers by failing to provide for judicial review of a prosecutor's decision to charge minors in superior court rather than juvenile court. However, this Court has previously rejected similar arguments in *Chapman v. State*, 259 Ga. 592 (385 SE2d 661) (1989) and *Bishop v. State*, 265 Ga. 821 (462 SE2d 716) (1995). OCGA § 15-11-28 (b) (1) is constitutional. See generally *Chapman*, supra; *Bishop*, supra.

---

parties do not dispute that the BB gun allegedly used by Henderson and McClendon does not meet this statutory definition because it does not propel projectiles through the energy of an explosive. See OCGA § 16-7-80 (8); see also *New v. State*, 270 Ga. App. 341 (1), n. 3 (606 SE2d 865) (2004).

[3] We need not address whether the superior court was correct in concluding that it did not have exclusive jurisdiction over Henderson and McLendon (see OCGA § 15-11-28 (b) (2) (A)), as it is clear that the court had jurisdiction over the cases, regardless of whether such jurisdiction was concurrent or exclusive.

For all of the foregoing reasons, the superior court's decision to transfer Henderson and McLendon's cases to juvenile court must be reversed.

*Judgment reversed. All the Justices concur.*

DECIDED JANUARY 22, 2007 —
RECONSIDERATION DENIED FEBRUARY 26, 2007.

*Leigh E. Patterson, District Attorney, Suhirjahaan S. Morehead, Assistant District Attorney*, for appellant.

*James A. Satcher, Jr.*, for appellees.

*Jimmonique R. S. Rodgers, James C. Bonner, Jr., Leigh S. Schrope*, amici curiae.