304 Ga. 338
FINAL COPY

S18A0765. DELAY et al. v. SUTTON.

M ELTON, Presiding Justice.

This case concerns the constitutionality of the appointment process created by House Bill 597 (HB 597), a DeKalb County local law that delegates to private entities the power to appoint certain members of the DeKalb County Board of Ethics.[1] Prior to the approval of HB 597 by DeKalb

---

[1] HB 597 § 22A (h) (2) states:

(A) The members of the Board of Ethics in office on the effective date of this section shall serve until December 31, 2015, and then their terms shall terminate. A new board shall be appointed as provided in this paragraph to take office on January 1, 2016, and to serve for the terms prescribed in this paragraph.

(B) Not later than December 31, 2015, the members of the new Board of Ethics shall be selected as follows:

(i) One member shall be appointed by the DeKalb Bar Association, chosen from the attorney members of the association;

(ii) One member shall be appointed by the DeKalb County Chamber of Commerce, which member shall not be an attorney;

(iii) One member shall be appointed by a majority vote of the DeKalb County legislative delegation;

(iv) One member shall be appointed by the judge of the

County voters in a 2015 referendum, appointments to the Board of Ethics had been made by the DeKalb County CEO and the County Commissioners. HB 597 changed this process by allowing four of the seven appointments to be made by private entities, and by eliminating the practice of allowing the CEO or County

Probate Court of DeKalb County;

(v) One member shall be appointed by Leadership DeKalb;

(vi) One member shall be appointed by the six major universities and colleges located within DeKalb County (Agnes Scott College, Columbia Theological Seminary, Emory University, Georgia State University, Mercer University, and Oglethorpe University), which member shall not be an attorney; and

(vii) One member shall be appointed by the chief judge of the Superior Court of DeKalb County.

(C) The members shall each serve for terms of three years; provided, however, that the initial terms of the first DeKalb County Chamber of Commerce appointee, the first Leadership DeKalb appointee, and the first DeKalb County legislative delegation appointee shall be two years; and provided, further, that the initial terms of the six major institutes of higher learning within DeKalb County appointee and the judge of the Probate Court appointee shall be one year.

(D) Successors to all members of the Board of Ethics and future successors shall be appointed by the respective appointing authorities not less than 30 days prior to the expiration of each such member's term of office, and such successors shall take office on January 1 following such appointment and shall serve terms of three years and until their respective successors are appointed and qualified.

Commissioners to make such appointments.[2]

The new Board of Ethics was established on January 1, 2016, pursuant to HB 597. On March 9, 2016, Sharon Barnes Sutton, a sitting DeKalb County Commissioner with pending ethics complaints against her, filed an action for a writ of quo warranto[3] to challenge the makeup of the Board, claiming that HB

---

[2] Because the Board of Ethics could be tasked with investigating the CEO or the County Commissioners with respect to potential ethics violations, HB 597 was crafted to eliminate the possibility that the very people being investigated would be the same ones who were appointing the investigators. See HB 597 § 22A (h) (4) ("The Board of Ethics shall be completely independent and shall not be subject to control or supervision by the Chief Executive, the Commission, or any other official or employee or agency of the county government."). As an independent body, the Board also maintains certain governmental powers, such as the power to issue subpoenas, assess economic penalties against anyone who fails to comply with such subpoenas, and investigate and reprimand government officials who violate the DeKalb County Code of Ethics. See HB 597 § 22A (j) (6) and (k) (1). Those who violate the Code of Ethics or fail to follow an opinion rendered by the Board may even be subject to prosecution by the DeKalb County Solicitor-General and face up to six months in prison. HB 597 § 22A (k) (1) (C). In addition, the Board is authorized to propose a budget that the Commission "shall fund . . . as a priority" up to $300,000 and that the Commission may fund in a higher amount, and the Board can spend that money to hire its own staff and private investigator to assist in its investigations. HB 597 § 22A (h) (4).

[3] See OCGA § 9-6-60 ("The writ of quo warranto may issue to inquire into the right of any person to any public office the duties of which he is in fact discharging. It may be granted only after the application by some person either claiming the office or interested therein."). The parties do not dispute that Sutton was qualified to seek a writ of quo warranto.

3

597's delegation of power to private organizations to appoint four members of the Board of Ethics was unconstitutional.[4] See HB 597, supra, at § 22A (h) (2) (B) (i), (ii), (v), and (vi). The trial court agreed with Sutton that the appointment process created by HB 597 was unconstitutional and granted the writ of quo warranto as to the four challenged Board members. The Board appeals from this ruling,[5] and, for the reasons that follow, we affirm.

The Board argues that the trial court erred in granting the writ of quo warranto on the basis that the private organization appointment provisions of HB 597 ran afoul of Ga. Const. of 1983, Art. I, Sec. II, Pars. I and II. We disagree.

This Court has previously examined issues very similar to those presented in the instant case in Rogers v. Med. Assn. of Ga., 244 Ga. 151 (259 SE2d 85)

---

[4] On November 5, 2015, Sutton previously filed a complaint for a writ of prohibition, mandamus, declaratory judgment, and injunctive relief in an effort to have the predecessor law to HB 597 declared unconstitutional and a "nullity" in light of the old law's repeal by HB 597. The quo warranto action was filed as an amendment to this 2015 complaint. Sutton later dismissed her other claims, leaving the quo warranto action as the only one relevant to the current appeal.

[5] The appellants include Clara Delay, in her official capacity as Chairperson of the DeKalb County Board of Ethics, and the DeKalb County Board of Ethics. For ease of reference the appellants are referred to collectively as the "Board" or the "Board of Ethics."

(1979). Rogers involved a state law that required the Governor to accept recommendations made by a private organization — the Medical Association of Georgia — to fill vacancies on the State Board of Medical Examiners. In concluding that the statute unconstitutionally delegated the power of appointment to a public office to a private organization, this Court explained:

Fundamental principles embodied in our constitution dictate that the people control their government. "All government, of right, originates with the people, is founded upon their will only, and is instituted solely for the good of the whole. Public officers are the trustees and servants of the people, and at all times, amenable to them." Code Ann. § 2-201.[6] "The people of this State have the inherent, sole and exclusive right of regulating their internal government and the police thereof. . . ." Code Ann. § 2-202.[7] This is accomplished through elected representatives to whom is delegated, subject to constitutional limitations, the power to regulate and administer public affairs, including the power to provide for the selection of public officers.

"The General Assembly shall have the power to make all laws consistent with this Constitution, and not repugnant to the Constitution of the United States, which they shall deem necessary and proper for the welfare of the State." Code Ann. § 2-1401.[8] These constitutional provisions mandate that public affairs shall be

---

[6] It is worth noting that Rogers was decided in 1979, and the quoted language referenced in the opinion now appears in Ga. Const. of 1983, Art. I, Sec. II, Par. I.

[7] See Ga. Const. of 1983, Art. I, Sec. II, Par. II ("The people of this state have the inherent right of regulating their internal government.").

[8] Ga. Const. of 1983, Art. III, Sec. VI, Par. I (virtually identical language).

5

managed by public officials who are accountable to the people. *As important as any other governmental power is the power to appoint public officials*. They are the persons who control so much of our lives. . . . In our opinion, it is clear that the constitutional provisions cited above demand that the power to appoint public officers remain in the public domain. *The General Assembly may, within constitutional limitations, establish qualifications for public office and designate a governmental appointing authority. But it cannot delegate the appointive power to a private organization*. Such an organization, no matter how responsible, is not in the public domain and is not accountable to the people as our constitution requires . . . . This is violative of our Constitution.

(Emphasis supplied.) Id. at 153-154 (2).

As was the case with the appointed officials in Rogers, the appointed officials to the Board here wield government power. Also as was the case with the statute in Rogers, HB 597 delegates the power of appointment of officials to a public office with governmental powers to private organizations that are "not accountable to the people as our constitution requires." Id. at 154 (2). Specifically, four of the appointments to the Board are to be made by

the DeKalb Bar Association, cho[osing] [one member] from the attorney members of the association; . . . the DeKalb County Chamber of Commerce, [choosing one] member [who] shall not be an attorney; . . . Leadership DeKalb [choosing one member]; . . . [and] the six major universities and colleges located within DeKalb

6

County (Agnes Scott College, Columbia Theological Seminary, Emory University, Georgia State University, Mercer University, and Oglethorpe University), [collectively choosing one] member [who] shall not be an attorney.

HB 597 § 22A (h) (2) (B) (i), (ii), (v), and (vi). As these private entities do not answer to the people as required by our Constitution, they are not authorized to wield the power to appoint public officials to the DeKalb County Board of Ethics.[9] See Rogers, supra; Ga. Const. of 1983 Art. I, Sec. II, Pars. I and II.[10]

---

[9] Irrespective of the fact that Georgia State is a public university, as an actual entity, the university itself has no independent legal existence and only participates in the appointment process as one member of a larger group that includes private entities that make a collective decision as to the appointment of one Board member. HB 597 § 22A (h) (2) (B) (vi).

[10] The fact that the people of DeKalb County approved HB 597 in a local referendum does not cure the constitutional infirmity created by the appointment process described in the local law:

> This court has been repeatedly required to hold unconstitutional and invalid legislative acts which have been approved by the people affected in a referendum. Sellers v. Cox, 127 Ga. 246 (56 SE 284) [(1906)]; Green v. Hutchinson, 128 Ga. 379 (57 SE 353) [(1907)]; Pickering v. Campbell, 146 Ga. 636 (92 SE 74) [(1917)]; Foster v. College Park, 155 Ga. 174 (117 SE 84) [(1923)]. . . . If the people of this State desire to modify the Constitution so as to enable the courts to uphold legislative acts which have been approved in a referendum, although they do not conform to the requirements of the present Constitution, this can be done in a legal and constitutional manner by amending the Constitution to that effect.

Accordingly, the trial court correctly granted the writ of quo warranto as to the four challenged Board members appointed by private entities pursuant to HB 597, as these appointments were unconstitutional. See <u>Rogers</u>, supra.

<u>Judgment affirmed. Hines, C. J., Benham, Hunstein, Nahmias, Blackwell, Boggs, and Peterson, JJ., concur</u>.

---

<u>Smith v. City Council of Augusta</u>, 203 Ga. 511, 518 (2) (47 SE2d 582) (1948).

Decided August 27, 2018.

House Bill 597; constitutional question. DeKalb Superior Court. Before Judge Jackson.

The Summerville Firm, J. Darren Summerville, Angela R. Fox, Kurt G. Kastorf, for appellants.

Dwight L. Thomas, for appellee.