## 28053. McLARTY v. BOARD OF REGENTS OF THE UNIVERSITY SYSTEM OF GEORGIA et al.

UNDERCOFLER, Justice. This litigation involves Georgia's "Government in Sunshine Law." Insofar as material here, that statute provides, "All meetings of any State department, agency, board, bureau, commission or political subdivision and the governing authority of any department, agency, board, bureau, commission or political subdivision of any county, municipal corporation, board of education or other political subdivision at which official actions are to be taken are hereby declared to be public meetings and shall be open to the public at all times." Ga. L. 1972, p. 575 (Code Ann. § 40-3301).

The issue here is whether a committee composed of faculty members and students of the University of Georgia which was organized by the Dean of Student Affairs primarily for the purpose of reviewing the Student Senate's recommended allocation of Student Activity Funds comes within the "Sunshine Law." The committee's meetings are not open to the public.

Student Activity Funds are derived from a mandatory fee of $4.00 per quarter paid by each student. It amounts to approximately $500,000 per year. The funds are allocated to support various recognized student organizations. At the University of Georgia it is the President's responsibility to submit a recommended allocation of such funds to the Chancellor of the University System for his approval. In carrying out this responsibility the President requested recommendations from the Dean of Student Affairs. The Dean of Student Affairs, for assistance in making such recommendations, in turn appointed the committee which is under attack here for holding private meetings.

The trial court held that the Student Activity Fund Committee did not come within the purview of the "Sunshine Law." We agree.

That part of the "Sunshine Law" which is pertinent here provides, "All meetings of any State department, agency, board, bureau, commission. . . at which official actions are to be taken . . ." are to be public. This language is clear. It applies to the meetings of the variously described bodies which are empowered to act officially for the State and at which such official action is taken. Official action is action which is taken by virtue of power granted by law, or by virtue of the office held, to act for and in behalf of the State. The "Sunshine Law" does not encompass the innumerable groups which are organized and meet for the

purpose of collecting information, making recommendations, and rendering advice but which have no authority to make governmental decisions and act for the State. What the law seeks to eliminate are closed meetings which engender in the people a distrust of its officials who are clothed with the power to act in their name. It declares that the people, who possess ultimate sovereignty under our form of government, are entitled to observe the actions of those described bodies when exercising the power delegated to them to act on behalf of the people in the name of the State. There is no such compelling reason to require public meetings of advisory groups. They can take no official action. Generally their reports are submitted in writing and are available to the public well in advance of any official action and are considered by the official body in public meeting.

Accordingly the Student Activity Fund Committee, having no authority to take official action, is not a body which comes within the purview of the "Sunshine Law" and it is not required to hold its meetings in public. Under this holding we do not reach the question of what constitutes official action of those bodies which are subject to that law.

There was no error in excluding the testimony of the author of the bill as to its intent. The language of the Act is clear.

*Judgment affirmed. All the Justices concur.*

ARGUED JULY 10, 1973 — DECIDED SEPTEMBER 6, 1973.

*Edward E. Augustine,* for appellant.

*Arthur K. Bolton, Attorney General, H. Andrew Owen, Jr., Assistant Attorney General,* for appellees.