The Honorable Railey A. Steele State Representative Route 3, Box 52A Gentry, AR 72734-9305
Dear Representative Steele:
This is in response to your request for an opinion regarding the Arkansas Freedom of Information Act (FOIA), which is codified at A.C.A. § 25-19-101 et seq. You have asked whether the Citizens Advisory Committee for the Northwest Arkansas Regional Airport Authority (CAC) is subject to the FOIA. You note that the CAC is an advisory group to the Airport Authority and that its members are appointed by city and county governments.
If indeed the CAC merely functions in an advisory capacity, and is not a "de facto" governing body, it is my opinion that the open meetings requirement of the FOIA is probably inapplicable. Section 25-19-106(a) states that:
 Except as otherwise specifically provided by law, all meetings . . . of the governing bodies of all municipalities, counties, townships, and school districts and all boards, bureaus, commissions, or organizations of the State of Arkansas, except grand juries, supported wholly or in part by public funds or expending public funds, shall be public meetings.
Although there are no Arkansas Supreme Court cases addressing this precise question, there is authority in other jurisdictions for the general proposition that advisory committees do not fall within state sunshine statutes similar to the above provision. See Watkins, Open Meetings Under the Arkansas Freedom of Information Act, 38 Ark. L. Rev. 268, 294-295 (1984), citing Sanders v. Benton, 579 P.2d 815 (Okla. 1978) and McLarty v. Board of Regents, 231 Ga. 22, 200 S.E.2d 117 (1973). The rationale set forth in those cases is premised upon the theory that committees lacking final decision-making or policy-making authority are generally not considered "governing bodies" of the municipalities or counties for purposes of the FOIA. However, where an "advisory" committee has become a "de facto governing body" by virtue of the governing body's automatic acceptance of its recommendations, open meeting requirements of the FOIA may apply. See Watkins, supra at 299-300. Whether this exception applies will, of course, depend upon the particular facts surrounding the CAC's role.
With regard to the "public records" section of the FOIA, it is my opinion that based upon the facts supplied in your request, records maintained by the CAC are subject to inspection and copying under the FOIA. A.C.A. § 25-19-103. Material attached to your request suggests that public funds are expended in support of CAC activities. As noted in J. Watkins, The Arkansas Freedom of Information Act (1988):
 Insofar as records are concerned, the Arkansas courts will not be required to draw the line between a governing body and one that is merely advisory, for the `public funding' provision appears to reach any advisory committee that uses public resources. Advisory committees established by governmental entities generally receive direct public funding for their activities — or at least indirect support through use of government offices and employees in connection with their work — and are involved in matters of public interest or concern. Accordingly, most if not all advisory committees would probably be supported at least in part by public funds and therefore subject to the FOIA under North Central Association of Colleges and Schools v. Troutt Bros., Inc. and later cases.
Id. at 37.
The CAC would appear to fall within this category of advisory committees.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb