The Honorable Bob Fairchild State Representative 1428 Mission Blvd. Fayetteville, AR 72701-2221
Dear Representative Fairchild:
This is in response to your request for an opinion regarding the Arkansas Freedom of Information Act (FOIA), which is codified at A.C.A. 25-19-101—107 (Repl. 1992). Your question pertains, specifically, to the open public meetings requirement set out at25-19-106. While you have not set forth any facts in your letter which form the basis for your question, it is my understanding that your question is asked in relation to the following scenario. An instructor in the Department of Curriculum and Instruction in the College of Education at the University of Arkansas at Fayetteville has requested to tape record her departmental faculty meetings. The position of the Dean and the Department Head is that the matter of tape recording faculty meetings is for the faculty to decide. The faculty has apparently recently decided that meetings will not be taped unless there is a formal request that is unanimously approved by those faculty members present. The instructor who wishes to tape record the meetings, however, maintains that such meetings are subject to the open meetings provision of the FOIA. You have asked whether such faculty meetings are subject to the FOIA. You have also asked whether a faculty member may be prohibited from taping such meetings.
Your question requires consideration of Section 25-19-106(a) which states that, unless otherwise specifically provided by law:
 [A]ll meetings, formal or informal, special or regular, of the governing bodies of all municipalities, counties, townships, and school districts and all boards, bureaus, commissions, or organizations of the State of Arkansas, except grand juries, supported wholly or in part by public funds or expending public funds shall be public meetings.
As noted by J. Watkins in The Arkansas Freedom of Information Act (m m Press, 1988) at 33-34,
 As a matter of grammar, one could ask whether the term `governing bodies' refers only to municipalities, townships, and school districts, or also includes the other entities listed in Section 25-19-106(a), e.g., boards, bureaus, commissions, and private organizations supported by public funds. . . . This distinction is probably not important insofar as "boards, bureaus, and commissions" are concerned, since these entities have established memberships and seem clearly to be governing bodies in the sense that they possess decision-making authority. The only difficulty, then, arises with respect to organizations supported by or expending public funds.
An initial question may therefore arise as to whether the legislature intended the "governing bodies" language to apply to all of the entities set out in subsection (a) of 25-19-106. This question has not been specifically addressed by the Arkansas Supreme Court. The case of Arkansas Gazette Co. v. Pickens,258 Ark. 69, 522 S.W.2d 350 (1975), does suggest, however, that the court considers the term "governing bodies" to be applicable with regard to "boards, bureaus, commissions, or organizations."[1]
In that case, the court addressed the question of whether committees of the Board of Trustees of the University of Arkansas must meet in public under the FOIA. The committee in question, the Student Affairs Committee, was composed of members of the Board of Trustees. The court noted the contention, which was accepted by the trial court, that the language of 25-19-106(a) ". . . refers only to the governing body as a whole, i.e., public meetings are only required when the full board meets, and committee or subgroup meetings are not covered in the Freedom of Information Act." 258 Ark. at 73 (emphasis original).
The court rejected this contention, reasoning that otherwise a governing body could establish an elaborate committee system and thus circumvent the FOIA. Id. See also Watkins, The Arkansas Freedom of Information Act, supra, at 34-35, 39, and 153. Particularly significant for purposes of your inquiry is the court's assumption that the "governing bodies" language in25-19-106(a) was applicable. It must therefore be determined whether the departmental faculty in this instance constitute a "governing body."
While the term "governing body" is not defined in the act, this office has previously opined that it is one that has "final decision-making or policy-making authority." Op. Att'y Gen.91-288. Although there are no Arkansas Supreme Court cases addressing your precise question, there is authority in other jurisdictions for the general proposition that advisory committees do not fall within state sunshine statutes similar to that contained in 25-19-106(a). See Watkins, Open Meetings Under the Arkansas Freedom of Information Act, 38 Ark. L. Rev. 268, 294-295 (1984), citing Sanders v. Benton, 579 P.2d 815 (Okla. 1978) and McLarty v. Board of Regents, 231 Ga. 22, 200 S.E.2d 117
(1973). The rationale set forth in those cases is premised upon the theory that committees lacking final decision-making or policy-making authority are generally not considered "governing bodies" of the municipalities or counties for purposes of the FOIA. This office has also opined that an ad hoc faculty committee whose recommendations are not binding is not a governing body. Op. Att'y Gen. 89-276.
If, however, final decision-making authority is delegated by a governing body to another group, the open meetings requirement follows that delegation. Baxter County Newspapers, Inc. v. Medical Staff of Baxter General Hospital, 273 Ark. 511,622 S.W.2d 495 (1981). Similarly, where an "advisory" committee has become a "de facto governing body" by virtue of the governing body's automatic acceptance of its recommendations, open meetings requirements of the FOIA may apply. See Watkins, supra at 299-300. Whether this exception applies to the situation about which you have inquired will, of course, depend upon the particular facts surrounding the departmental faculty's role.
The administrative organization of the University of Arkansas is described in the Rules and Regulations for Faculty Government, which are set out in the University's faculty handbook (hereinafter, "Handbook"). Board Policy 100.4 indicates that the Board of Trustees has reserved for itself final authority with respect to campus policies and programs (Handbook, at 23). In Board Policy 810.1, the Board of Trustees delegates to the Campus Faculty the responsibility for matters of academic concern (Handbook, at 25), and to the Campus Council the authority to exercise general legislative powers (Handbook, at 28). Actions of both the Campus Faculty and the Campus Council are subject to review by the Board of Trustees (Handbook, at 25, 28). There are also College and School Faculties, which have the authority, subject to review by the Campus Council, Campus Faculty and Board of Trustees, to legislate for their college or schools as to the requirements for admission, standards of instruction, requirements for degrees, and courses of study for existing programs (Handbook, at 30.) It is my understanding that there are, additionally, departmental faculties at the University. It is also my understanding that your request pertains to meetings of this latter category, i.e., the departmental faculty. The only mention of these departmental faculties in the Handbook, however, is at 25, wherein it is stated that:
 The head or chairperson of a department is responsible for the general conduct of the affairs of the department. At least once in each semester he or she shall call a meeting of the departmental staff for the purpose of discussing departmental affairs.
Based upon the Handbook, there appears to be no indication that such departmental faculties have the authority to participate directly in the process by which recommendations reach the Board of Trustees. The Handbook suggests that while such departmental faculties might make recommendations to others of authority, their role does not generally include making final decisions. Accordingly, it is my opinion that such departmental faculties generally do not constitute a "governing body" pursuant to25-19-106(a). As such, their meetings would not be subject to the FOIA. It should be noted, however, that fact questions may arise in this regard. To the extent relevant facts exists outside those assumed herein, modification of this opinion may be necessary.
It should also be recognized that this analysis is premised upon the proposition that the "governing bodies" language of25-19-106(a) is controlling. While I believe that this approach is implicit in the Pickens decision, supra, as noted above, this question has not been squarely addressed by the Arkansas Supreme Court. If the court departed from that analysis, the inquiry under 25-19-106(a) would then presumably focus upon whether the departmental faculty constitute an "[organization] of the State of Arkansas." The answer to that question may well be "yes," thus bringing their meetings within the public meetings requirement. I am constrained, however, to construe the FOIA in light of current case law. While a contrary argument may exist, resolution of the question in favor or that argument will, in my opinion, require judicial or legislative action.
The second part of your inquiry focuses on whether a faculty member may be prohibited from taping such departmental faculty meetings. Assuming, as an initial matter, that the FOIA is inapplicable to such meetings based on the foregoing discussion, the issue becomes whether another state statute guarantees the right to record such a meeting. I am unaware of any such statute. Applicable regulations of the University may address the issue, however, and should therefore be consulted as well. The University Handbook, for example, indicates that each college and school faculty shall make its own rules of procedure, provided that they not be in conflict with the rules and regulations of the Campus Faculty (Handbook, at 30). While there appears to be no similar provision in the Handbook with regard to departmental faculties, such a regulation may support the proposition that a particular departmental faculty can decide for itself whether to permit recording of its own meetings.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Sherry L. Daves.
Sincerely,
WINSTON BRYANT Attorney General
SLD:cyh
[1] This was the conclusion reached in Attorney General Opinion Number 83-206, a copy of which is enclosed herein.