The Honorable Betty Jo Charlton State Representative, 46th District State Capitol, Room 272-W Topeka, Kansas 66612
Dear Representative Charlton:
As representative for the 46th district, you request our opinion on whether the Association for K-10 Corridor Development, Inc. (association) is subject to the Kansas open meetings act (KOMA), K.S.A. 75-4317 etseq.
The executive director of the association provided background information concerning the association. The association's articles of incorporation, filed with the secretary of the state's office, describe one of the purposes of the association as "the well-planned development of land along and near Kansas Highway 10 between the cities of Overland Park and Lawrence." The property and affairs of the association are to be managed by a board of directors. According to the association's letterhead, there are 21 directors, including the mayors of the cities of De Soto, Lenexa, and Shawnee, as well as other city and county officials, and 13 representatives of various local businesses. Although we are not provided with a copy of the bylaws, it appears the directors are elected by the members of the association.
By its terms the KOMA applies to:
 "all meetings for the conduct of the affairs of, and the transaction of business by, all legislative and administrative bodies and agencies of the state and political and taxing subdivisions, thereof, including boards, commissions, authorities, councils, committees, subcommittees and other subordinate groups thereof, receiving or expending and supported in whole or in part by public funds. . . ." K.S.A. 75-4318(a).
The above language sets forth a two-part test which must be met for a body to be subject to the KOMA: (1) the body is a legislative or administrative agency of the state or one of its political or taxing subdivisions, or is subordinate to such a body; and (2) the body receives, expends, or is supported in whole or in part by public funds, or, in the case of subordinate groups, has a parent or controlling body which is so supported.
The term "agency" is not defined in the KOMA; however, prior Attorney General opinions have identified four criteria to be used in determining whether a body is an agency subject to the KOMA:
 "1) If the agency has the authority to make governmental decisions and act for the state, it is covered by an open meetings law. If it only collects information, makes recommendations or renders advice, it is not. McLarty v. Board of Regents, 231 Ga. 22, 200 S.E.2d 117, 119 (1973).
 "2) Does the agency have independent authority in the exercise of its functions? Soucie v. David, 440 F.2d 1067
(D.C. Cir. 1971).
 "3) Is the agency subject to governmental audits or otherwise have its business procedures supervised? Recap v. Indiek, 539 F.2d 174 (D.C. Cir. 1976).
 "4) Finally, one court has defined `governmental agency' to include corporate instrumentalities that accomplish public ends, both governmental and proprietary. Ratan Public Services Co. v. Hobbes, 76 N.M. 535, 417 P.2d 32 (1966)" Attorney General Opinions No. 87-143; 84-10; 79-284; 79-219.
We have determined that a private nursing home is not subject to the open meetings law if it does not exercise any powers of state or local government and its directors are not appointed by a government agency. Attorney General Opinion No. 79-221. Planned Parenthood of South-Central Kansas, Inc. is considered to be a private, non-profit corporation and thus not subject to the KOMA, because there is so little control exercised by the county over the corporate operations. Attorney General Opinion No. 81-253. The Hutchinson Cosmophere and Discovery Center, Inc. is determined to be outside the scope of the KOMA because the corporation does not administer a government program for which the county would otherwise be responsible, the corporate directors are not appointed by government and the county exercised no control over the corporation activities. Attorney General Opinion No. 82-256.
On the other hand, we opined that McPherson County Diversified Services, Inc., a privately organized non-profit corporation, is subject to the KOMA. Attorney General Opinion No. 79-284. In that case, the board of county commissioners confirmed all appointments to the corporate board of directors, and required reporting on programs that otherwise would have been carried out by the county itself.
We determined that the Economic Opportunity Foundation, Inc. is subject to the KOMA, because it was established by joint resolutions of a county and several cities, its board of directors are appointed by the county and city governing bodies, and it is subject to reviews and audits by the Kansas department of social and rehabilitation services. The foundation is under considerable control and influence by the county and the cities. Furthermore, the foundation has responsibility for planning, developing, and coordinating community anti-poverty programs as specified by federal and state laws.
The other private non-profit corporations that we deemed to be subject to the KOMA include Three Rivers, Inc. and Cowley County Developmental Services (CCDS). Three Rivers must comply with SRS guidelines and be approved by the state in order to receive grants. In providing services for disabled persons, Three Rivers is carrying on an activity that would otherwise be handled by a governmental subdivision. Attorney General Opinion No. 87-143. CCDS is a community-based agency licensed by SRS to serve mentally handicapped adults. CCDS must meet SRS guidelines to be eligible for state funds, and its license to run the homes and its budget are subject to annual SRS approval. Attorney General Opinion No. 87-188. These non-profit corporations are "administrative agencies of the state" performing governmental functions under governmental control.
The association here in question is not created by the legislature, nor by the resolution or ordinance of any cities or counties. We find no federal or state law specifying governmental responsibility for planning development along K-10. Although some city and county officials are also directors of the association, the board is not controlled by those local governmental entities. The appointment of directors does not require nomination or confirmation by any government body. Furthermore, the association does not seem to be a subordinate body to any particular city or county or group of cities or counties. We do not have sufficient evidence to conclude that the cities and counties who are members of the association exercise considerable control and influence over the activities of the association. We therefore conclude that the association does not meet the first prong of the test to be subject to the KOMA.
We are informed that the association is funded by membership dues. Some of the members are local government officials, whose dues are paid by public funds. Further, according to a quarterly newsletter provided by the association, an environmental study of the K-10 corridor has been funded in part with a grant from Kansas City Power and Light and Douglas county. This seems to indicate that some public funds are used in operation and management of the association, thereby satisfying the second prong of the test.
However, we do not find sufficient evidence to suggest that the association is a functional arm of city-county government under governmental control and influence, although it appears to be partially funded by public funds. We conclude that the association is not a public body or agency within the meaning of the KOMA, and therefore is not subject to the requirements of the KOMA.
Very truly yours,
 ROBERT T. STEPHAN ATTORNEY GENERAL OF KANSAS
 Nobuko K. Folmsbee Assistant Attorney General
RTS:JLM:NKF:bas