The Honorable Doug Lawrence State Representative, 9th District State Capitol, Room 115-S Topeka, Kansas 66612
The Honorable Don C. Smith State Representative, 116th District State Capitol, Room 273-W Topeka, Kansas 66612
Dear Representative Lawrence and Representative Smith:
As representatives for the 9th and 116th districts respectively, you request our opinion on whether the William I. Koch commission on crime reduction and prevention (Koch commission) is subject to the Kansas open meetings act (KOMA), K.S.A. 75-4317 et seq. The Koch commission was established by Governor Finney through executive order no. 94-163:
 "1. Membership on the Commission and the chairperson shall be by official commission of appointment of the Governor, certified by and filed with the Secretary of State.
 "2. The Governor shall appoint a chairperson of the Commission. The members of the Commission shall meet upon the call of the chairperson as necessary to carry out its duties under this Executive Order.
 "3. Members of the Commission shall receive no compensation, subsistence allowance, mileage or expenses from the State.
 "4. The Commission shall act independently from the Governor's office and shall set its own agenda and meeting schedule.
 "5. The Commission shall provide recommendations for future actions that will aid in the reduction and prevention of criminal conduct and protection of the citizens of the State of Kansas.
 "6. The provisions of this Executive Order shall expire on January 31, 1996, unless an earlier expiration date is specified by Executive Order."
This executive order was filed with the secretary of state on February 18, 1994. We are informed that the Koch commission is currently being funded totally by private sources through a non-profit organization, the Kanza Foundation.
By its terms the KOMA applies to:
 "all meetings for the conduct of the affairs of, and the transaction of business by, all legislative and administrative bodies and agencies of the state and political and taxing subdivisions, thereof, including boards, commissions, authorities, councils, committees, subcommittees and other subordinate groups thereof, receiving or expending and supported in whole or in part by public funds. . . ." K.S.A. 75-4318(a).
The above language sets forth a two-part test which must be met for a body to be subject to the KOMA: (1) the body is a legislative or administrative agency of the state or one of its political or taxing subdivisions, or is subordinate to such a body; and (2) the body receives, expends, or is supported in whole or in part by public funds, or, in the case of subordinate groups, has a parent or controlling body which is so supported.
The term "agency" is not defined in the KOMA; however, prior Kansas Attorney General opinions have identified four criteria to be used in determining whether a body is an agency subject to the KOMA:
 "1) If the agency has the authority to make governmental decisions and act for the state, it is covered by an open meetings law. If it only collects information, makes recommendations or renders advice, it is not. McLarty v. Board of Regents, 231 Ga. 22, 200 S.E.2d 117, 119 (1973).
 "2) Does the agency have independent authority in the exercise of its functions? Soucie v. David, 440 F.2d 1067
(D.C. Cir. 1971).
 "3) Is the agency subject to governmental audits or otherwise have its business procedures supervised? Recap v. Indiek, 539 F.2d 174 (D.C.Cir 1976).
 "4) Finally, one court has defined `governmental agency' to include corporate instrumentalities that accomplish public ends, both governmental and proprietary. Ratan Public Service Co. v. Hobbes, 76 N.M. 535, 417 P.2d 32 (1966)." Attorney General Opinions No. 87-143; 84-10; 79-284; 79-219.
The Koch commission does not have the authority to make governmental decisions or act for the state. It only collects information and makes recommendations. It is up to the Governor's office, the legislature, or any other governmental body to consider the report or adopt the recommendations made by the Koch commission. Although the Koch commission has independent authority to gather information to make certain reports to accomplish public ends, it is not subject to governmental audits or supervision. Accordingly, we conclude that the Koch commission is not an agency of the state or its political and taxing subdivisions.
Therefore, the remaining crucial question would be whether the Koch commission is subordinate to such a body. The application of the KOMA to groups subordinate to public bodies is addressed in State ex rel. Murrayv. Palmgren, 231 Kan. 524 (1982). Attorney General Opinion No. 86-84 stated that an advisory board to a county fire district appointed by the board of county commissioners is a subordinate group subject to the KOMA. Further, Attorney General Opinion No. 84-81 concluded that advisory committees appointed by a school district board are themselves subject to the KOMA, even though the advisory committee neither receives nor expends public funds, and is not supported in whole or in part by public funds. Whereas the subject advisory committees to the fire district and the school board function under the guidance and direction of the fire district or school board, the Koch commission operates independently from the Governor's office which created it. This independence is demonstrated by the commission setting its own agenda and meeting schedule.
Although its purpose is to provide recommendations for future action that will aid in the reduction and prevention of criminal conduct and protection of the citizens of the state of Kansas, the Koch commission is not required to follow any specific research guidelines or method, nor is it obligated to report to any office or official. We see no evidence to indicate that the Koch commission is under the direction of a superior office or officer. "Courts have found two types of entities, whatever form they may take, which are not subject to the open meetings laws: (1) those which are merely advisory and have no decision-making authority, and (2) those which are basically independent entities which have some connection, by contract or other tie to a government entity, but are not actually created by some form of government action." Memorial HospitalAss'n, 239 Kan. at 671. The commission serves an advisory function and does not make governmental decisions under the analysis in MemorialHospital Association Inc..
Finally, the statute requires that in order for the Koch commission to come under its provisions, it must receive or expend and be supported in whole or in part by public funds or be subordinate to an entity which is so supported. We are told that the Koch commission receives no public funds. We have already determined that the Koch commission is not subordinate to any publicly supported body, such as the governor's office.
In conclusion, the Koch commission is an independent entity, is not itself a public agency and is not subordinate to any public body. It does not receive or expend and it is not supported in whole or in part by any public funds. Therefore, the Koch commission is outside the scope of the requirements of the KOMA.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Nobuko K. Folmsbee Assistant Attorney General
RTS:JLM:NKF:bas