The Honorable Doug Lawrence State Representative, 9th District 902 Miami Burlington, Kansas 66839
Dear Representative Lawrence:
As representative for the 9th district, you request our opinion on whether the consensus estimating group (group) is subject to the Kansas open meetings act (KOMA), K.S.A. 75-4317 et seq. The group was organized in 1974 to carry out a recommendation of the legislative budget committee. The committee report on general fund appropriations in part states:
 "The Committee concluded that it would be desirable to eliminate, insofar as possible, controversies between the executive and legislative branches over general fund revenue estimates and to establish a procedure whereby revised estimates for the current fiscal year would be made available to both the Governor and legislators in December of each year so that the estimates could be used for planning purposes before the legislature convenes.
 "As a means of accomplishing those objectives, the Committee has requested executive agencies (particularly the Division of the Budget and the Department of Revenue) and the Legislative Research Department to cooperate in the preparation of general fund revenue estimates by freely exchanging information relative thereto and by attempting to develop consensus estimates in December of each year, beginning in 1974. Then the estimates should be reported separately. The executive and legislative staffs also should jointly review the estimates periodically, especially during legislative sessions, to determine whether more recent economic information or revenue trends warrant revisions of the estimates." (Submitted by Sen. Robert Bennett, then Chairman of Legislative Budget Committee)
We understand that the group has consisted of staff of the division of the budget, department of revenue, legislative research department and two economists (one from Kansas State University and another from the University of Kansas). A third economist from Wichita State University joined the group in 1982.
We are also informed that the staff of the state agencies do not receive additional compensation for their service for the group. However, the economists have a contractual agreement, which includes participation in the group, with the division of the budget.
According to the director of the legislative research department, the following is a brief description of how the group typically operates:
 "[The group] meets in October of each year to discuss economic conditions and assumptions, actual receipts compared with the estimates for the preceding fiscal year and for the current fiscal year to date, recent changes in federal and state tax laws that will affect revenues, and any other matters that are germane to the estimating process. The Group meets again in November to review estimates that each of the six participants has made independently for every source of General Fund revenue, and it puts together the revised estimates for the current fiscal year and the original estimates for the following fiscal year."
By its terms the KOMA applies to:
 "All meetings for the conduct of the affairs of, and the transaction of business by, all legislative and administrative bodies and agencies of the state and political and taxing subdivisions, thereof, including boards, commissions, authorities, councils, committees, subcommittees and other subordinate groups thereof, receiving or expending and supported in whole or in part by public funds. . . ." K.S.A. 75-4318(a).
The above language sets forth a two-part test which must be met for a body to be subject to the KOMA: (1) the body is a legislative or administrative agency of the state or one of its political or taxing subdivisions, or is subordinate to such a body; and (2) the body receives, expends, or is supported in whole or in part by public funds, or, in the case of subordinate groups, has a parent or controlling body which is so supported.
The term "agency" is not defined in the KOMA; however, prior Kansas Attorney General Opinions have identified four criteria to be used in determining whether a body is an agency subject to the KOMA:
 "1) If the agency has the authority to make governmental decisions and act for the state, it is covered by an open meetings law. If it only collects information, makes recommendations or renders advice, it is not. McLarty v. Board of Regents, 231 Ga. 22, 200 S.E.2d 117, 119 (1973).
 "2) Does the agency have independent authority in the exercise of its functions? Soucie v. David, 440 F.2d 1067
(D.C. Cir. 1971).
 "3) Is the agency subject to governmental audits or otherwise have its business procedures supervised? Recap v. Indiek, 539 F.2d 174 (D.C. Cir. 1976).
 "4) Finally, one court has defined `governmental agency' to include corporate instrumentalities that accomplish public ends, both governmental and proprietary. Ratan Public Service Co. v. Hobbes, 76 N.W. 535, 417 P.2d 32 (1966)." Attorney General Opinions No. 94-55; 87-143; 84-10; 79-284; 79-219.
In 1990, the legislature codified the procedure for joint revenue estimates. K.S.A. 75-6701 states:
 "(a) On or before each December 4 and on or before each April 4, the director of the budget and the director of the legislative research department shall prepare a joint estimate of revenue to the state general fund for the current fiscal year and the ensuing fiscal year.
 "(b) If prior to final adjournment of any regular session of the legislature any law is enacted providing for additional or less revenues to be deposited in the state treasury to the credit of the state general fund, the director of the budget and the director of the legislative research department shall prepare a joint estimate of such revenues.
 "(c) In the event of a disagreement or failure to agree upon a joint estimate of revenue pursuant to subsection (a) or (b), the legislature shall utilize the estimates of the director of the legislative research department and the governor shall utilize the estimates of the director of the budget."
There is no mention of the group in the above statute. The responsibility to prepare a joint estimate of revenue is placed on the directors of the budget and legislative research. There is no mandate that these directors meet with the economists twice a year. Five members of the group are either staff or an independent contractor of a state agency.
The group has no authority to make governmental decisions to bind any state office or official with its estimate. The group only collects information and discusses the estimate, but it does not even make official recommendations to any other state agency. Furthermore, the group does not have statutory duties or authority in the exercise of its functions. Accordingly, we conclude that the consensus estimating group is not an agency of the state or its political and taxing subdivisions.
Additionally, the group is not subordinate to any particular public body. Although the group includes staff members from several state agencies, it does not function under the guidance and direction of any state agency. This is a different situation from that of an advisory board to a county fire district or a school district board, which we concluded to be subject to the KOMA. Attorney General Opinions No. 84-81; 86-84.
Finally, the KOMA requires that in order for the group to come under its provisions, it must receive or expend and be supported in whole or in part by public funds or be subordinate to an entity which is so supported. We need not consider this factor because of the results of our earlier analysis. We are told that the group does not receive or expend any funds from the state or any other public agency.
In conclusion, the consensus estimating group is not a "public body" within the meaning of the KOMA, but an independent group which has no statutory authority or duties. Therefore, it is not subject to the requirements of the KOMA.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Nobuko K. Folmsbee Assistant Attorney General
RTS:JLM:NKF:bas