The Honorable Marge Petty State Senator, 18th District 106 Woodlawn Topeka, Kansas 66606
Dear Senator Petty:
You seek our opinion regarding application of the Kansas open meetings act (KOMA), K.S.A. 75-4317 et seq., to the mid-America commercialization corporation (MCC). There is no allegation of violation of the KOMA and no specific meeting held by the board of directors of the MCC is at issue. Therefore, we will discuss general application of the KOMA to the MCC.
The KOMA applies to:
 "all meetings for the conduct of the affairs of, and the transaction of business by, all legislative and administrative bodies and agencies of the state and political and taxing subdivisions thereof, including boards, commissions, authorities, councils, committees, subcommittees and other subordinate groups thereof, receiving or expending and supported in whole or in part by public funds. . . ." K.S.A. 75-4318(a).
The above language sets forth the two-part test which must be met for a body to be included within the KOMA's provisions: 1) the body is a legislative or administrative agency of the state or one of its political or taxing subdivisions, or is subordinate to such a body; and 2) the body receives, expends or is supported in whole or in part by public funds, or, in the case of subordinate groups, has a parent or controlling body which is so supported.
Articles of incorporation of the MCC were filed with the secretary of state on April 22, 1994. According to its articles of incorporation, MCC is a not-for-profit corporation exclusively for educational and scientific purposes as authorized under section 501(c)(3) of the U.S. Internal Revenue Code. Its purpose is to "create and sustain a formal network that will support technology advancement, technology transfer, education and scientific research." Articles of Incorporation, article III. The Kansas technology enterprise corporation (KTEC), Kansas state university (KSU) and the city of Manhattan chamber of commerce nominate four candidates each for election as initial members of the board of directors, according to article III of the bylaws of the MCC. However, there seems no direct control or supervision by any of these entities over the business and conduct of the MCC. The MCC does not appear to be a subordinate body of KTEC, KSU or the Manhattan chamber of commerce. Therefore, the critical question is whether the MCC itself is a "public agency" within the meaning of the KOMA.
The term "agency" is not defined in the KOMA. However, prior Kansas Attorney General opinions have identified four criteria to be used in determining whether a body is an agency subject to the KOMA:
 "1) If the agency has the authority to make governmental decisions and act for the state, it is covered by an open meetings law. If it only collects information, makes recommendations or renders advice, it is not. McLarty v. Board of Regents, 231 Ga. 22, 200 S.E.2d 117, 119 (1973).
 "2) Does the agency have independent authority in the exercise of its functions? Soucie v. David, 440 F.2d 1067
(D.C. Cir. 1971).
 "3) Is the agency subject to governmental audits or otherwise have its business procedures supervised? Recap v. Indiek, 539 F.2d 174 (D.C. Cir. 1976).
 "4) Finally, one court has defined `governmental agency' to include corporate instrumentalities that accomplish public ends, both governmental and proprietary. Ratan Public Services Co. v. Hobbes, 76 N.M. 535, 417 P.2d 32 (1966)" Attorney General Opinions No. 93-130; 87-143; 84-10; 79-284; 79-219. [The Kansas Supreme Court essentially struck this last test in Memorial Hospital Ass'n, Inc. v. Knutson, 239 Kan. 663 (1986).]
The MCC is not created by statute, nor is it given authority to make governmental decisions. It has its own independent authority as a non-stock membership corporation. It is not subject to governmental audits or supervision. Although initial candidates for the members of the board are nominated by KTEC, KSU, and the Manhattan chamber of commerce, thereafter the board members are to be elected by the voting members. Based on the information provided, we conclude that the MCC is not an administrative or legislative agency of the state, or of local government, nor a subordinate group thereof, within the definition of the KOMA. Therefore, the MCC does not satisfy the first element of the test.
We are informed that the MCC receives funding in part from KTEC, KSU, and the Manhattan chamber of commerce. Even if MCC receives some public funds through these entities, however, the MCC is not a "public agency" since it does not satisfy the first prong of the test.
In summary, the mid-America commercialization corporation is not a "public body" within the meaning of the KOMA. It is an independent body, not created or given authority by the statute, and it is not subordinate to another governmental body. Therefore, it is not subject to the requirements of the KOMA.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Nobuko K. Folmsbee Assistant Attorney General
RTS:JLM:NKF:bas