The Honorable Doug Lawrence State Representative, 9th District 902 Miami Burlington, Kansas 66839
Dear Representative Lawrence:
As representative for the 9th district, you request our opinion on whether Kansas Venture Capital, Inc. is subject to the Kansas open meetings act (KOMA), K.S.A. 75-4317 et seq. The president of Kansas Venture Capital, Inc. provided the following information:
Kansas Venture Capital, Inc. was incorporated in 1976 under the basic for profit corporate statutes, and in 1977 was granted a license by the small business administration as a "small business investment corporation." Kansas Venture Capital, Inc. is a privately owned corporation whose voting common stock has been owned by many Kansas based banks, businesses and individual citizens. The voting common stock is currently owned by 366 such private shareholders.
By its terms the KOMA applies to:
 "All meetings for the conduct of the affairs of, and the transaction of business by, all legislative and administrative bodies and agencies of the state and political and taxing subdivisions, thereof, including boards, commissions, authorities, councils, committees, subcommittees and other subordinate groups thereof, receiving or expending and supported in whole or in part by public funds. . . ." K.S.A. 75-4318(a).
The above language sets forth a two-part test which must be met for a body to be subject to the KOMA: (1) the body is a legislative or administrative agency of the state or one of its political or taxing subdivisions, or is subordinate to such a body; and (2) the body receives, expends, or is supported in whole or in part by public funds, or, in the case of subordinate groups, has a parent or controlling body which is so supported.
The term "agency" is not defined in the KOMA. However, prior Kansas Attorney General opinions have identified four criteria to be used in determining whether a body is an agency subject to the KOMA:
 "1) If the agency has the authority to make governmental decisions and act for the state, it is covered by an open meetings law. If it only collects information, makes recommendations or renders advice, it is not. McLarty v. Board of Regents, 231 Ga. 22, 200 S.E.2d 117, 119 (1973).
 "2) Does the agency have independent authority in the exercise of its functions? Soucie v. David, 440 F.2d 1067
(D.C. Cir. 1971).
 "3) Is the agency subject to governmental audits or otherwise have its business procedures supervised? Recap v. Indiek, 539 F.2d 174 (D.C. Cir. 1976).
 "4) Finally, one court has defined `governmental agency' to include corporate instrumentalities that accomplish public ends, both governmental and proprietary. Ratan Public Service Co. v. Hobbes, 76 N.W. 535, 417 P.2d 32 (1966)." Attorney General Opinions No. 94-55; 87-143; 84-10; 79-284; 79-219. [The Kansas Supreme Court essentially struck this last test in Memorial Hospital Ass'n, Inc. v. Knutson, 239 Kan. 663 (1986).]
Although there is reference to Kansas Venture Capital, Inc. in the Kansas statewide risk capital system act, the corporation was not created by the legislature. K.S.A. 74-8203 in part states:
 "The secretary of the department of commerce is authorized to certify investment in nonvoting preferred stock of Kansas Venture Capital, Inc. in a total not to exceed 410,000,000 by the pooled money investment board as provided in K.S.A. 75-4205, and amendments thereto, under the following terms and conditions:
. . . .
 "(b) The nonvoting preferred stock invested in by the pooled money investment board will receive the same rate of dividend and the same rate of capital appreciation at the same time on the same terms as the voting common stock invested in by banks, savings and loan associations, individuals, corporations or other entities."
The pooled money investment board, clearly a state agency, has invested state funds in Kansas Venture Capital, Inc., however, it has no control over the investment or management of the funds. The board of directors of Kansas Venture Capital, Inc. is to be selected as follows:
 "A total of 15 board members to oversee the operations of Kansas Venture Capital, Inc. are elected by the voting common stock shareholders in accordance with the following terms and conditions:
 "(1) Eight are representatives of Kansas financial institutions. . . .
 "(2) Two shall be venture capitalists or investment counselors familiar with the types of investments in which Kansas Venture Capital, Inc. will invest its funds, and shall be recognized for outstanding knowledge and leadership in their fields.
 "(3) Five shall represent the business sectors of special importance to the Kansas economy in which Kansas Venture Capital, Inc. shall be expected to invest its funds, and shall be recognized for outstanding knowledge and leadership in their fields." K.S.A. 74-8203(g).
There is no state official or designee of a state agency on the board of directors. Further, because the preferred stock is non-voting, the pooled money investment board has no involvement in the election of the board members. Therefore, the state has no control over the board of directors. The requirements set forth in the statutes to be met by Kansas Venture Capital, Inc. are merely conditions for investment by the state. Kansas Venture Capital, Inc. may choose not to comply with the statutory requirements, the only risk being inability of the state to invest therein.
In Attorney General Opinion No. 93-130, we concluded that the Kansas turnpike authority (KTA) is a public instrumentality with authority to perform an essential governmental function, and is therefore a public agency within the meaning of the Kansas open meetings act. The five members of the KTA board were state legislators, state agency heads and appointees of the governor. The KTA is authorized to adopt rules and regulations to operate and maintain turnpike projects. Contrary to the characteristics of the KTA, Kansas Venture Capital, Inc. does not have the authority to make governmental decisions and act for the state.
However, K.S.A. 1993 Supp. 74-8204 in part states:
 "Kansas Venture Capital, Inc. shall prepare and publish an annual report of its activities for the information of the governor, the standing committee on commerce of the senate, the standing committee on economic development of the house of representatives and the joint committee on economic development, Kansas, Inc., and the public which shall be made widely available and shall specifically account for:
 "(a) The manner in which the purpose as described in this act has been carried out by Kansas Venture Capital, Inc.
 "(b) The total investments made annually by Kansas Venture Capital, Inc. in Kansas businesses.
 "(c) An estimate of jobs created and jobs preserved by investments by Kansas Venture capital, Inc. in Kansas businesses.
 "(d) An analysis of the targeting of scarce resources by Kansas Venture Capital, Inc. by size, sector and location to enterprises of particular need and opportunity."
In addition to the above annual report requirement, Kansas Venture Capital, Inc. is subject to an audit by the legislative division of post audit. However, there is no procedure set in the statute to allow state intervention of the management of Kansas Venture Capital, Inc., based on its performance in the report.
Kansas Venture Capital, Inc. is an independent for-profit corporation, which originally received state funding from the pooled money investment board. It is not created by the legislature. It is not under the supervision of any state agency. We conclude that Kansas Venture Capital, Inc. is not a legislative or administrative agency of the state, nor is it subordinate to such a body.
The second question is whether Kansas Venture Capital, Inc. receives, expends or is supported in whole or in part by public funds. Because we concluded that Kansas Venture Capital, Inc. is not a state agency or a subordinate body to any such agency, we need not address the second element. It is sufficient to say that although the state has invested state monies, we do not believe investments by the state necessarily result in state funding of private entities.
In conclusion, Kansas Venture Capital, Inc. is a for-profit corporation, which operates and manages independently from any governmental control or supervision. Further, it is not a subordinate body to any state agency or local unit of government. Accordingly, Kansas Venture Capital, Inc. is not required to follow the mandates of the KOMA.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Nobuko K. Folmsbee Assistant Attorney General
RTS:JLM:NKF:bas