The Honorable Jim Morrison State Representative, 121st District 3 Cottonwood Drive Colby, Kansas 67701
Dear Representative Morrison:
As representative for the 121st district, you request our opinion on whether political party precinct committees are subject to the Kansas open meetings act (KOMA), K.S.A. 75-4317 et seq.
In case of filling a vacancy of district office (including the offices of district judge, district magistrate judge, county commissioner, state representative, state senator, district attorney or county attorney), a county chairperson "shall call a convention of all committeemen and committeewomen of the party of the precincts in such district for the purpose of electing a person to be appointed by the governor to fill the vacancy." K.S.A. 25-3902. In the case of filling a vacancy in candidacy for a district office, the same procedure is established. K.S.A. 25-3904. These are some examples where party committees are involved in the election process. These statutes do regulate certain aspects of the convention such as notice, quorum, and vote. "Such election shall be by secret ballot and the person elected shall be the one who receives the majority of all the votes cast. . . . Each committeeman and committeewoman of the party of the precincts in such district shall be entitled to vote." K.S.A. 25-3902(e) and 25-3904(e). However, the state leaves to the convention the adoption of "each rule as necessary to govern its procedure in making nominations, voting, counting and canvassing votes and for the conduct of any business which may properly be brought before the convention . . ." provided the rules are not in conflict with the statutes. K.S.A. 25-3902.
The statutes do not refer to any other activities of the district convention or precinct committees.
The United States Supreme Court has held that "a State cannot justify regulating a party's internal affairs without showing that such regulation is necessary to ensure an election that is orderly and fair."Eu v. San Francisco County Democratic Central Committee, 489 U.S. 214,109 S.Ct. 1013, 103 L.Ed.2d 271 (1989). In response, the state legislature repealed many of the statutes (K.S.A. 25-3802; 25-3803; 25-3804; 25-3805; 25-3806; 25-3810; and 25-3811) addressing the organization of political parties. L. 1990, ch. 131, sec. 1. The remaining statutes deal with how to select and fill a vacancy of a precinct committeeperson (K.S.A. 25-3801), terms of officers (K.S.A.25-3807), and powers and duties of the committee (K.S.A. 25-3808).
By its terms the KOMA applies to:
 "All meetings for the conduct of the affairs of, and the transaction of business by, all legislative and administrative bodies and agencies of the state and political and taxing subdivisions, thereof, including boards, commissions, authorities, councils, committees, subcommittees and other subordinate groups thereof, receiving or expending and supported in whole or in part by public funds. . . ." K.S.A. 75-4318(a).
The above language sets forth a two-part test which must be met for a body to be subject to the KOMA: (1) the body is a legislative or administrative agency of the state or one of its political or taxing subdivisions, or is subordinate to such a body; and (2) the body receives, expends, or is supported in whole or in part by public funds, or, in the case of subordinate groups, has a parent or controlling body which is so supported.
The term "agency" is not defined in the KOMA. However, prior Kansas Attorney General opinions have identified four criteria to be used in determining whether a body is an agency subject to the KOMA:
 "1) If the agency has the authority to make governmental decisions and act for the state, it is covered by an open meetings law. If it only collects information, makes recommendations or renders advice, it is not. McLarty v. Board of Regents, 231 Ga. 22, 200 S.E.2d 117, 119 (1973).
 "2) Does the agency have independent authority in the exercise of its functions? Soucie v. David, 440 F.2d 1067
(D.C. Cir. 1971).
 "3) Is the agency subject to governmental audits or otherwise have its business procedures supervised? Recap v. Indiek, 539 F.2d 174 (D.C. Cir. 1976).
 "4) Finally, one court has defined `governmental agency' to include corporate instrumentalities that accomplish public ends, both governmental and proprietary. Ratan Public Service Co. v. Hobbes, 76 N.W. 535, 417 P.2d 32 (1966)." Attorney General Opinions No. 94-55; 87-143; 84-10; 79-284; 79-219. [The Kansas Supreme Court essentially struck this last test in Memorial Hospital Ass'n, Inc. v. Knutson, 239 Kan. 663 (1986).]
Although the application of the KOMA to precinct committees was never dealt with, we have addressed the issue of whether the committeepersons hold public office in context of the common law doctrine of incompatibility of offices. We have stated:
 "Certainly we believe the ordinary meaning to be ascribed `precinct committeeman' or `committeewoman' would not, in accordance with the general rule of authority, contemplate that persons holding such positions are public officers. To the contrary, these persons are ordinarily regarded only as having duties to their particular political party. Hence, it is our opinion that for purposes of K.S.A. 1982 Supp. 75-2953(2), the term `public office' does not include a precinct committeeman or committeewoman." Attorney General Opinion No. 83-27, cited in Attorney General Opinion No. 93-63.
The issue of the party committee persons as public officers is further discussed in general:
 "Manifestly, membership in a political committee belonging to one party or another does not come within the above description of what constitutes public office, and the fact that the legislature undertakes by statute to regulate the election and conduct of political committees does not make the office a public one. The members thereof continue to be, as before, officers of the political party that elects them, and their duties are confined to matters pertaining to the political party to which they belong and which alone is interested in their proper performance." 25 Am.Jur.2d Elections sec. 124.
Although there are statutes governing certain functions of the political party precinct committees, they are not created by the legislature, nor do they make governmental decisions. The committees do not act for the state, but for the party. The committees are not under the supervision, audit, or control of any governmental body. The statute requires an election of the district convention to be by secret ballot, which would control even assuming the KOMA applied. The other party functions and activities besides the filling of vacancies of certain positions and candidacies for those positions are not allowed to be governed by the state according to the United States Supreme Court's decision. We conclude that a precinct committee is not a legislative or administrative agency of the state or local government, nor is it subordinate to such a body.
The second question is whether the precinct committee receives, expends or is supported in whole or in part by public funds. Because we concluded that it is not a state or local governmental agency, or a subordinate body to any such body, we need not address the second element.
In conclusion, although the political party precinct committee is an integral part of election mechanism, it is not a legislative or administrative agency of the state, or local government, nor is it subordinate to such a body. Therefore, it is not required to follow the mandates of the KOMA.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Nobuko K. Folmsbee Assistant Attorney General
RTS:JLM:NKF:bas