The Honorable Sue Madison State Senator 573 Rock Cliff Road Fayetteville, AR 72701-3809
Dear Senator Madison:
I am writing in response to your request for an opinion concerningAct 787 of 1997, which is codified at A.C.A. § 6-16-124 (Repl. 1999). As you note, this act established the following requirements with respect to the teaching of Arkansas history in the public schools:
 (a) Beginning with the 1997-1998 school year:
 (1) A unit of Arkansas history shall be taught as a social studies subject at each elementary grade level in every public elementary school in this state, with greater emphasis at the fourth and fifth grade levels; and
 (2) At least one (1) full semester of Arkansas history shall be taught to all students at the seventh, eighth, ninth, tenth, eleventh, or twelfth grade level in every public secondary school in this state.
A.C.A. § 6-16-124(a) (Repl. 1999).
You report that the Arkansas Department of Education (hereinafter "Department") recently adopted new "frameworks" for the teaching of Arkansas history.[1] Your specific questions are as follows:
 1. Do the new frameworks that neglect the greater emphasis on Arkansas history at the fourth and fifth grade levels and combine the one semester of Arkansas history with social studies violate Act 787 of 1997?
 2. May the Department of Education conduct closed-door, private meetings when developing new frameworks for public education?
RESPONSE
Question 1 — Do the new frameworks that neglect the greater emphasis on Arkansas history at the fourth and fifth grade levels and combine the one semester of Arkansas history with social studies violateAct 787 of 1997?
Your question makes two assumptions: 1) that the frameworks neglect a greater emphasis on Arkansas history at the fourth and fifth grade levels, and 2) that the requisite one semester of Arkansas history is combined with social studies. You have not explained the basis for these assumptions. Regarding the first, if it is correctly assumed that the frameworks neglect a greater emphasis on Arkansas history at the fourth and fifth grade levels, then it necessarily follows that the answer to your question in this respect is "yes," such neglect is contrary toAct 787 of 1997, codified at A.C.A. § 6-16-124(a)(1). However, having reviewed the Grades K-8 Social Studies Curriculum Framework (Revised 2006), http://www.ArkansasEd.org/teachers/curriculum.html, I must question this assumption. My review indicates that, taken together, the frameworks at the fourth and fifth grade levels for each content area, i.e., Geography, Civics, History and Economics, id., do place greater emphasis on Arkansas history than at the lower grades. I believe this is evidenced in particular by the "Culture and Diversity" standard under Geography, by both the "Government" and "Citizenship" Standards under Civics, and by most of the sub-areas under "History." Accordingly, the frameworks as written in my opinion comport with A.C.A. § 6-16-124, supra.
Regarding the second area of concern — that the frameworks "combine the one semester of Arkansas history with social studies" — this presumably refers to the "one (1) full semester" requirement under A.C.A. § 6-16-124(a)(2). I do not perceive a conflict between the frameworks and the statute in this respect. Subsection 6-16-124(a)(2) requires that "[a]t least one (1) full semester of Arkansas history shall be taught to all students at the seventh, eighth, ninth, tenth, eleventh, or twelfth grade level. . . ." The frameworks for these grade levels appear on their face to satisfy this requirement. The Arkansas History for Grades 7-8 Social Studies Curriculum Framework and the Arkansas History for Grades 9-12 Social Studies Curriculum Framework (Revised 2006), http://www.ArkansasEd.org/teachers/curriculum.html, both describe a course in "Arkansas History" that is a "one-semester course." It is my understanding that this is a stand-alone course. It will be credited as part of "Social Studies" according to the "Standards for Accreditation." See Arkansas Department of Education Rules Governing Standards for Accreditation of Arkansas Public Schools and School Districts Sections 9.03.3.4 and 9.03.4.7 (January, 2005). However, I have no information to suggest that integrating Arkansas history into the social studies framework fails to meet the "one (1) full semester of Arkansas history" requirement under the statute.
Question 2: May the Department of Education conduct closed-door, private meetings when developing new frameworks for public education?
Although you have not specifically mentioned the involvement of any committees in developing these frameworks, I assume you are concerned whether meetings of committees appointed by the Department for this purpose must be conducted as open "public meetings" under the Arkansas Freedom of Information Act ("FOIA"), A.C.A. §§ 25-19-101 to-109 (Repl. 2002 and Supp. 2005).[2] According to the Department's website: "All curriculum framework documents result from the work of a committee of Arkansas educators representing every facet of Arkansas education. . . ." http://www.ArkansasEd.org/teachers/curriculum.html. See also Rules Governing Standards for Accreditation, supra, at Section 9.01.1 (January, 2005) ("The Department shall appoint committees to write curriculum frameworks based on the adopted Arkansas Student Learning Expectations. . . ."). The use of such committees is consistent with statutory requirements respecting the "periodic review and revision of "academic content standards." A.C.A. § 6-15-404(a) (Supp. 2005). Specifically, subsection 6-15-404(c) requires "[e]xternal review by outside content standards experts" and "[r]evisions by committees of Arkansas teachers and instructional supervisor personnel. . . ." Id. at (1) and (5). The State Board of Education's "comprehensive plan" with respect to the review and revision of the "Arkansas Academic Content Standards and Curriculum Frameworks," A.C.A. § 6-15-1502(a) (Supp. 2005), is also required to "provide an external review of content standards and curriculum frameworks adopted by the state. . . ." Id. at (b).
Your question as to whether meetings of these committees may be conducted by the Department as "closed-door, private meetings" requires application of the FOIA's open meetings provisions. In this regard, A.C.A. § 25-19-106 provides in relevant part:
 Except as otherwise specifically provided by law, all meetings, formal or informal, special or regular, of the governing bodies of all municipalities, counties, townships, and school districts and all boards, bureaus, commissions, or organizations of the State of Arkansas, except grand juries, supported wholly or in part by public funds or expending public funds, shall be public meetings.
A.C.A. § 25-19-106(a) (Supp. 2005) (emphasis added).
The term "public meetings," as used in the FOIA, is defined as follows:
 "Public meetings" means the meetings of any bureau, commission, or agency of the state, or any political subdivision of the state, including municipalities and counties, boards of education, and all other boards, bureaus, commissions, or organizations in the State of Arkansas, except grand juries, supported wholly or in part by public funds or expending public funds[.]
A.C.A. § 25-19-103(4) (Supp. 2005).
The FOIA's open meetings requirement applies only to "governing bodies" — bodies that have ultimate decision-making authority. See, e.g., Ops. Att'y Gen. 2006-059 and 2003-170 (citing previous opinions delineating the "governing body" standard.) The open meetings requirement ordinarily does not apply to advisory bodies that are not made up of members of the governing body, unless the advisory body is a "de facto governing body," i.e., a body whose recommendations are simply "rubber stamped" by the governing body. Id. As one of my predecessors explained:
 The FOIA does not define the term "governing body," and the Arkansas Supreme Court has never found occasion to address the issue. However, the Attorney General has consistently taken the position that the pertinent question in determining whether a group constitutes a "governing body" is whether the group has decision-making authority. See, e.g., Ark. Ops. Att'y Gen. Nos. 2001-324, 2000-051 and 99-407; see also J. Watkins, The Arkansas Freedom of Information Act 49 et seq. (3rd ed. 1998). Groups that are advisory in nature do not generally constitute "governing bodies" and consequently are not subject to the FOIA's open-meetings requirement.
Op. Att'y Gen. 2002-092 at 5.
With regard to advisory entities, it has been stated that:
 Although there are no Arkansas Supreme Court cases addressing this precise question, there is authority in other jurisdictions for the general proposition that advisory committees do not fall within state sunshine statutes similar to the [FOIA]. See Watkins, Open Meetings Under the Arkansas Freedom of Information Act, 38 Ark. L. Rev. 268, 294-295 (1984), citing Sanders v. Benton, 579 P.2d 815 (Okla. 1978) and McLarty v. Board of Regents, 231 Ga. 22, 200 S.E.2d 117
(1973). The rationale set forth in those cases is premised upon the theory that committees lacking final decision-making or policy-making authority are generally not considered "governing bodies" of the municipalities or counties for purposes of the FOIA.
Op. Att'y Gen. 2000-260 (quoting Op. Att'y Gen. 91-288, at 1-2). See also Ops. Att'y Gen. 2003-170, at 4 and n. 2 (citing a host of cases from other jurisdictions on the point); 1999-407; and 98-169.
As also previously noted, however:
 . . . . [I]f a governing body in fact delegates its decision-making authority, rendering the "committee" itself a "governing" rather than "advisory" body, the open-meetings requirement will clearly apply. As Professor Watkins observes:
The FOIA's open meeting requirements apply to meetings of groups other than committees composed of members of the governing body, if decision-making authority has been delegated to those groups. For example, in Baxter County Newspapers, Inc. v. [273 Ark. 511,622 S.W.2d 495 (1981)], the Supreme Court held that meetings of the "credentials committee" of the medical staff at a county hospital must be open to the public. Acting pursuant to authority delegated by the hospital's board of governors, the staff and the committee — both of which consisted of physicians rather than members of the board — determined whether particular doctors would be allowed to practice at the facility. Under these circumstances, the medical staff is a "governing body" subject to the FOIA, and its credentials committee must hold open meetings in accordance with Pickens.
Watkins, supra at 52 (footnotes omitted).
Op. Att'y Gen. 2002-092 at 7-8.
Turning to the committees in question, as indicated above, the statutory process for reviewing and revising the "content standards and curriculum frameworks" plainly includes the use of committees. Consistent with the statutes, the Standards for Accreditation call for the appointment of committees "to write curriculum frameworks. . . ." Rules Governing Standards for Accreditation, supra, at Section 9.01.1 (further stating that the committees "will meet periodically to review, revise, and update the curriculum frameworks.") The question under the FOIA, based upon the above open meetings analysis, is whether such committees constitute "governing bodies." The latter accreditation rule certainly seems to authorize the committees to develop the frameworks, suggesting that they may have decision-making authority. I believe it is clear under the statutes, however, that the committees are advisory in nature. The committees' involvement is one element in the statutory review and revision process, as reflected by the following Code section:
The state board shall include the following elements in the periodic review and revision of Arkansas academic content standards:
 (1) External review by outside content standards experts;
 (2) Review and input by higher education, workforce education, and community members;
 (3) Study and consideration of academic content standards from across the nation and the international level as appropriate;
 (4) Study and consideration of evaluation from national groups or organizations as appropriate;
 (5) Revisions by committees of Arkansas teachers and instructional supervisor personnel from public schools, assisted by teachers from institutions of higher education; and
 (6) Public dissemination of revised academic content standards at the state board meeting and Department of Education website.
A.C.A. § 6-15-404(c) (Supp. 2005) (emphasis added).
The duty of review lies initially with the Department, through which the State Board works to set the academic standards. See A.C.A. §§6-15-1504 (Supp. 2005) ("The [Department] shall review the Arkansas Academic Content Standards and Curriculum Framework process plan on its State Board of Education-approved revision cycle and report to the State Board of Education annually"); and 6-15-403(1)(A) (Supp. 2005) ("The State Board of Education through the Department of Education shall . . . [s]et clear academic standards that are periodically reviewed and revised[.]"). See also Rules Governing Comprehensive Plan, supra, at n. 1, Section 4.01 ("The [State Board] shall develop, through the [Department], a plan and process to review and revise the Arkansas Academic Content Standards and Curriculum Frameworks."). Most importantly, the State Board of Education ("State Board") ultimately revises the frameworks, as is evident from A.C.A. § 6-15-1502 wherein it provides:
 Upon completion of the review, the State Board of Education shall revise all curriculum frameworks and supplemental materials that are recommended as a result of the review.
A.C.A. § 6-15-1502(e) (Supp. 2005). See also Rules Governing Comprehensive Plan, supra, at n. 1, Section 4.03 ("The State Board of Education shall, on an ongoing basis, revise all curriculum frameworks and supplemental material that are recommended as a result of the review.").
I have no information to suggest that the State Board has not conducted its statutorily mandated review and revision of the frameworks. If, as a matter of fact, the committees that write the frameworks exercise no final decision-making authority, instead serving only to make recommendations that the State Board may and sometimes does reject, I believe the committees qualify as "advisory" bodies to which the provisions of the FOIA do not apply. This purely factual question is one I am neither equipped nor authorized to answer.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] The "frameworks" in question are the "Curriculum Frameworks" adopted by the state in specific "core academic areas," A.C.A. §6-15-1502(a) and (b) (Supp. 2005), as contemplated by the Arkansas Comprehensive Testing, Assessment, and Accountability Program Act, as amended, A.C.A. §§ 6-15-401 — 422 (Repl. 1999 and Supp. 2005). See A.C.A. §§ 6-15-402 (Supp. 2005) and — 407 (Repl. 1999). The term "Curriculum Frameworks" is specifically defined by Department rule as: [T]hose content-specific standards per subject area identified and set out in the course content frameworks required pursuant to Ark. Code Ann. §6-15-407 and Section 9.00 of the Arkansas Standards of Accreditation. Ark. Dept. of Ed. Rules Governing Comprehensive Plan For Consistency and Rigor In Course Work Section 3.04 (January 10, 2005). The state "Standards for Accreditation" for public schools require that "[e]ach accredited school shall use these curriculum frameworks to plan instruction leading to student demonstration of proficiency in the Arkansas content standards." Arkansas Department of Education Rules Governing Standards for Accreditation of Arkansas Public Schools and School Districts Section 9.01.2 (January, 2005).
[2] The FOIA was also recently amended by Acts 268, 726 and 998 of 2007. The amendments are not relevant to your question and consequently will not be further mentioned herein.